## UNITED SATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

                                   Case No. 24-41956
                                   Chapter 13

**BRANDON HEITMANN**                  Hon. Mark Randon

_____/

**ALEX BOYD and REBECCA BOYD**

                                   Case No. 24-04125-mar
                                   Hon. Mark Randon

      **Plaintiffs**

v.

**BRANDON HEITMANN, AMANDA PISARSKI,**
**KODY GRANDCHAMP,**
**HENRY GIRARD BELL,**
**CONSTRUCTION CONTRACTORS, LLC, and**
**EXPLORE INDUSTRIES USA, INC.**

      **Defendants**

_____/

### MOTION FOR REMAND

NOW COMES Plaintiffs, Alex Boyd and Rebecca Boyd, and by and through their

attorneys, Law Offices of John F. Harrington, and by way of Motion to Remand, pursuant

to 28 USC 1452(b), and 28 USC 1334(c), states as follows:

1. That, plaintiffs previously filed a cause of action in the Macomb County Circuit

Court for the State of Michigan, arising out of construction of an in-ground swimming pool

at their home in Macomb Township, Michigan, said lawsuit having been filed on November

13, 2023, Macomb County Circuit Court Case No. 23-003864-CZ.

2. That, after the state court litigation had been pending for several months, with

multiple court appearances and rulings, Defendant/Debtor Brandon Heitmann filed a

**Law Offices of**
**JOHN F. HARRINGTON**
**30500 Van Dyke Avenue**
**Suite 200**
**Warren, Michigan 48093**
**(586) 751-3610**
**(586) 751-3612 (Fax)**

1

Chapter 13 Bankruptcy Petition.

3. That, while there was an automatic stay imposed in the state court action as it concerns the Defendant/Debtor Heitmann, the balance of the state court action continued forward, with additional court rulings impacting the remaining state court litigants.

4. That, on May 2, 2024, Debtor Heitmann filed a Notice of Removal, in its entirety, of the Macomb County Circuit Court action to this Honorable Court. (Doc. 39)

5. That, this Honorable Court established a deadline of July 22, 2024, for any of the parties to file a Motion to Remand.

6. That, remand to the state court is appropriate for several reasons, as more fully set forth in the accompanying brief, pursuant to 28 USC 1452(b) and 28 USC 1334(c).

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby request that this Honorable Court Remand this cause of action to the Macomb County Circuit Court.

LAW OFFICES OF JOHN F. HARRINGTON

BY:   /s/ John F. Harrington
      **John F. Harrington (P40443)**
      **Attorney for Plaintiffs**
      **30500 Van Dyke Avenue, Suite 200**
      **Warren, Michigan 48093**
      **(586) 751-3610**
      attysharrington@comcast.net

**Dated:  July 22, 2024**

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

2

## UNITED SATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

                      Case No. 24-41956
                      Chapter 13
**BRANDON HEITMANN**           Hon. Mark Randon

_____/

**ALEX BOYD and REBECCA BOYD**

                      Case No. 24-04125-mar
                      Hon. Mark Randon

      **Plaintiffs**

**v.**

**BRANDON HEITMANN, AMANDA PISARSKI,
KODY GRANDCHAMP,
HENRY GIRARD BELL,
CONSTRUCTION CONTRACTORS, LLC, and
EXPLORE INDUSTRIES USA, INC.**

      **Defendants**

_____/

**Law Offices of
JOHN F. HARRINGTON**
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

### BRIEF IN SUPPORT OF MOTION TO REMAND

### Statement of Pertinent Facts

Plaintiffs Alex and Rebecca Boyd reside with their two young sons in Macomb Township, in a single-family home. In April 2021, the entered into a contract with Exigent Landscaping, LLC, for the design and construction of an in-ground swimming pool at their home, for a price of $130,000.00.

In so doing, Plaintiffs met or communicated with Defendants Brandon Heitmann, Amanda Pisarski, and Kody Grandchamp, representatives of Exigent Landscaping. These individuals solicited the Plaintiffs and ultimately secured a written contract between the

3

Boyds and Exigent. Most significant for this litigation, all three individuals falsely advised the Plaintiffs that Exigent Landscaping, LLC, was a licensed residential builder with the State of Michigan. In fact, the contract even states, on the bottom of each page "License #802082183".

However, Exigent Landscaping was never a licensed residential builder. The aforementioned number is the Federal Tax Identification Number of the business.

Moreover, all three above individual Defendants further represented that Exigent Landscaping was an authorized dealer of Imagine Pools, now known as Defendant Explore Industries USA, Inc. This representation was true, despite Exigent not being a licensed residential builder. Needless to say, the Plaintiffs relied upon this authorization when they contracted with Exigent.

When it came time to construct the pool, Defendants Heitmann, Pisarski, and/or Grandchamp falsely represented to Macomb Township Building Officials that Plaintiffs executed contracts with Defendants Construction Contractors, LLC, and its owner, Henry Girard Bell. Based on these false representations, Macomb Township approved the permits for construction of the pools. In this regard, Defendant Heitmann has subsequently testified that Defendant Bell allowed the use of both Construction Contractors, LLC, and his own personal builders license to obtain these permits.

Currently, the State of Michigan Attorney General has brought an Administrative Complaint against Defendants Heitmann, Bell, and Construction Contractors, LLC, as well as Exigent Landscaping.

Not surprising, contributed to by the lack of licensure, the in-ground swimming pool ultimately installed at the Plaintiff's home is done so in a highly defective manner,

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

24-04125-mar   Doc 15   Filed 07/22/24   Entered 07/22/24 14:21:25   Page 4 of 10

mandating that it be removed.  Moreover, Plaintiffs have already paid Exigent

approximately $125,000.00 of the $130,000.00 contract.

In 2022, pursuant to a mandatory arbitration provision in the contract between

Plaintiffs and Exigent, proceedings with commenced with the American Arbitration

Association. Just prior to the commencement of the Arbitration Hearing, Exigent

Landscaping, LLC, filed for Chapter 11 Bankruptcy in the Eastern District of Michigan,

Case No. 23-46912, assigned to the Hon. Thomas J. Tucker, which has subsequently been

converted to a Chapter 7.

On November 13, 2023, Plaintiffs filed this current action in the Macomb County

Circuit Court, with Counts of: Fraudulent Misrepresentation against Defendants Heitmann,

Pisarski, and Grandchamp; a separate Count of Fraudulent Misrepresentation against

Defendants Construction Contractors, LLC, and Bell;  Silent Fraud against Defendants

Heitmann, Pisarski, Bell, and Construction Contractors, LLC; Civil Conspiracy against

Defendants Heitmann, Pisarski, Bell, and Construction Contractors, LLC; and Counts of

Negligence and Negligent Misrepresentation against Explore Industries USA, Inc.  All

Defendants appeared in the Macomb County Circuit Court action.

In fact, multiple Motions were filed in the state court, with impactful rulings.  In

particular, Macomb County Circuit Court Judge Kathryn A. Viviano granted Summary

Disposition to Defendant Explore Industries, finding that the arbitration provision in the

Imagine Pools warranty applied to Plaintiffs allegations.  However, Judge Viviano denied

the Motion for Summary Diposition of Defendants Bell and Construction Contractors.

Thereafter, Defendant Heitmann filed this Chapter 13 Petition, and more than six

months after this lawsuit commenced in the state court, and after numerous court

Law Offices of
**JOHN F. HARRINGTON**
**30500 Van Dyke Avenue**
**Suite 200**
**Warren, Michigan 48093**
**(586) 751-3610**
**(586) 751-3612 (Fax)**

appearances and rulings, Heitmann filed a Notice of Removal.

## LEGAL ARGUMENTS

In his May 2, 2024, Notice of Removal, Defendant/Debtor Heitmann asserted the state court litigation is a "core proceeding". (Doc 39) Heitmann made this assertion, removing the state court case in its entirety, despite the fact that Heitmann was only one of five named Defendants, all sued jointly and severally, with an independent cause of action against each Defendant. In so doing, Defendant/Debtor Heitmann wishes to have this Bankruptcy Court adjudicate against parties that have nothing to do with the Chapter 13 Petition brought by Heitmann. This is especially true as none of the other Defendants have brought a Cross Complaint against Heitmann.

Despite Heitmann's cursory statement that this lawsuit is a core proceeding, upon closer examination, it clearly is not worthy of such a designation. Furthermore, it also does not qualify as a "non-core proceeding".

In this regard, a bankruptcy court is limited as to matters it can resolve. In particular, this Court's power is limited to "core proceedings" that are directly related to bankruptcy, and "non-core proceedings" on issues that are not technically bankruptcy matters, but that will impact the bankruptcy case. 28 USC 157(b)(1) and 28 USC 157(c)(1).

28 USC 157(b)(2)(A)-(O) provides examples of core proceedings, none of which are applicable to this removed lawsuit. For example, this case does not involve estate administration; creditors' claims; debtor exemptions; obtaining credit during bankruptcy; property turnover; preference payment recovery; fraudulent transfer avoidance or recovery; automatic stay motions; dischargeability proceedings; lien claims; confirmation hearings; or bankruptcy property use and transfer. While there might be an adversary proceeding at

**Law Offices of**
**JOHN F. HARRINGTON**
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

some point in the future in this Chapter 13 case, it has not happened yet, nor is not part of the removed action.

Consequently, it is abundantly clear, despite Defendant/Debtor Heitmann's representations, that the removed state court action is not a core proceeding.

In addition, assuming that the Court would even consider an assertion that the removed action is a non-core proceeding, upon simple review, it is not. A non-core proceeding involves any issue that is not a core matter that could alter "… a debtor's rights, liabilities, options, or freedom of action…" or impact "…the handling and administration of the bankrupt estate." (*In re Fietz* (9th Cir 1988) 852 F2d 455.)

In the case at hand, the removed cause of action can smoothly proceed forward in the state court against the remaining Defendants, who are all independently liable to the Plaintiffs, without negatively impacting the Chapter 13 case. In other words, nothing that might happen in the state court case will alter or impact the disposition of the Debtor's estate.

Accordingly, on this basis alone, the Court must grant this Motion to Remand.

Another analysis supporting remand is pursuant to the doctrine of abstention. In bankruptcy cases, abstention is pursuant to statute, both mandatory abstention and permissive or equitable abstention.

Mandatory abstention occurs where: 1) a timely motion is made by a party; 2) proceeding is based on a state law claim or cause of action; 3) proceeding "related to" a case, not "arising under" the Bankruptcy Code or "arising in" a case; 4) but for the bankruptcy, proceeding would have been brought in state, not federal, court; 5) action is commenced which the bankruptcy court finds will be timely adjudicated. 28 USC

Law Offices of
**JOHN F. HARRINGTON**
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

1334(c)(2). Pursuant to this statute, the "district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court." *In re Adams, 133 B.R. 191* (Bkrtcy W.D. Mich. 1991).

Applying all these factors to the case at hand, it is clear that all have been met, thus 28 USC 1334(c)(2) must be invoked, and it is mandatory that this Court abstain.

Alternatively, permissive and/or equitable abstention is applicable. In particular, this Court can abstain from handling the removed case if doing so would be "in the interest of justice" or "comity" 28 USC 1334(c)(1). Furthermore, the Court can remand the case "on any equitable ground". 28 USC 1452(b). In other words, the Court must decide if remand "is reasonable, fair, or appropriate". *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 131 (1995).

Under the permissive abstention doctrine, a bankruptcy court may abstain from both core and non-core proceedings. *In re McKenzie,* 417 B.R. 884, 913 (Bankr. E.D. Tenn. 2012) Bankruptcy courts in the Sixth Circuit have outlined a list of twelve factors to consider when determining whether permissive abstention is appropriate:

1) The effect or lack thereof on the efficient administration of the estate if a court recommends abstention; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of applicable law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 USC 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted core proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of the bankruptcy court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a

**Law Offices of**
**JOHN F. HARRINGTON**
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

jury trial; and 12) the presence in the proceeding of the non-debtor parties. *In re Best Reception Sys., Inc.,* 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998)

Applying these factors, it is clear that permissive abstention is appropriate in the case at hand.

Similarly, equitable remand pursuant to 28 USC 1452(b) is appropriate. In the Sixth Circuit, the Court may consider a variety of factors:

1) duplicative and uneconomical use of the judicial resources in two forums; 2) prejudice to the involuntary removed parties; 3) forum non conveniens; 4) the state's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending. *Id.,* at 952.

Just as in the analysis of permissive abstention, the same conclusions have to be reached in the analysis of equitable remand, The Debtor has removed from state court a pending action wherein he was only one of five named Defendants. The impact of forcing non-bankrupt parties to litigate non-core proceedings in this Court is an incredible inconvenience to everyone. As noted above, the state court action can and should go forward against the balance of the Defendants without any impact on the Debtor's Chapter 13 Petition. It involves state law claims, which are best handled in state court.

Furthermore, the timing of the Notice of Removal, after six months of litigation in the Macomb County Circuit Court, with several impactful rulings, reflects on Debtor's filing of the Notice as forum shopping or gamesmanship. Clearly, such conduct cannot be rewarded, especially when the Court takes into consideration that the Plaintiffs have the right to choose the jurisdiction and venue of their lawsuit.

As such, 28 USC 1452(b) can and must be applied and the case remanded to the state court.

Law Offices of
**JOHN F. HARRINGTON**
**30500 Van Dyke Avenue**
**Suite 200**
**Warren, Michigan 48093**
**(586) 751-3610**
**(586) 751-3612 (Fax)**

9

## CONCLUSION

In summary, all three of Plaintiff's legal arguments for remand are valid and any one of them can be used to justify granting the Motion to Remand.

First of all, Plaintiff's complaint is clearly not a core proceeding, as asserted by the Debtor in his Notice of Removal. Secondly, assuming the Court would even consider it, the case likewise is not a non-core proceeding that this Court should take jurisdiction.

Thirdly, the doctrine of mandatory abstention under 28 USC 1334(1) should apply, and, alternatively, either permissive abstention pursuant 28 USC 1334(2) and/or equitable remand under 28 USC 1452(b) are applicable.

Accordingly, Plaintiffs request that the Court grant their Motion to Remand under any or all of the aforementioned grounds.

LAW OFFICES OF JOHN F. HARRINGTON

BY: __/s/ John F. Harrington_____
**John F. Harrington (P40443)**
**Attorney for Plaintiffs**
**30500 Van Dyke Avenue, Suite 200**
**Warren, Michigan 48093**
**(586) 751-3610**
attysharrington@comcast.net

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

**Dated: July 22, 2024**

10