# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:

Brandon Heitmann

Debtor

_____/

Case No. 24-41956
Chapter 13
Hon. Mark Randon

ALEX BOYD and REBECCA BOYD,

     Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA PISARSKI, KODY GRANDCHAMP, HENRY GIRARD BELL, CONSTRUCTION CONTRACTORS, LLC, and EXPLORE INDUSTRIES USA, INC.,

     Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

## DEFENDANTS HENRY GIRARD BELL AND CONSTRUCTION CONTRACTORS, LLC'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THIS CASE

Defendants Henry Girard Bell and Construction Contractors, LLC, by and through their attorney, Goran Antovski, hereby move this Honorable Court to remand this matter to the Macomb County Circuit Court based on a lack of subject matter jurisdiction. Mr. Bell and Construction Contractors further request equitable remand under 28 U.S.C. § 1452(b). In the alternative, Mr. Bell and Construction

1

Contractors move this Honorable Court to abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c).

In accordance with Local Rule 7.1(a), undersigned counsel sought concurrence in this motion from counsel for all other parties. Undersigned counsel explained the nature of the motion and its legal basis and requested concurrence in the relief sought. Concurrence was obtained from counsel for Plaintiffs Alex and Rebecca Boyd, as well as counsel for Defendant Kody Grandchamp. Concurrence was not granted by counsel for Defendants Brandon Heitmann and Amanda Pisarski, or counsel for Defendant Explore Industries USA, Inc.

WHEREFORE, Defendants Henry Girard Bell and Construction Contractors, LLC respectfully request that this Honorable Court grant this Motion and remand this matter to the Macomb County Circuit Court or abstain from hearing this matter.

Respectfully submitted,

*/s/ Goran Antovski*
Goran Antovski (P75898)
Attorney for Defendants Henry Girard
Bell and Construction Contractors, LLC
198 S. Main St., Ste. 2
586-221-4100
Date: July 22, 2024                              goran@michiganjustice.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

Brandon Heitmann

Debtor

_____/

Case No. 24-41956
Chapter 13
Hon. Mark Randon

ALEX BOYD and REBECCA BOYD,

      Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA PISARSKI, KODY GRANDCHAMP, HENRY GIRARD BELL, CONSTRUCTION CONTRACTORS, LLC, and EXPLORE INDUSTRIES USA, INC.,

      Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

## INDEX OF EXHIBITS

| Exhibits | Description |
| --- | --- |
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Respond |
| Exhibit 3 | Brief in Support |
| Exhibit 4 | Proof of Service |

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

Brandon Heitmann
SSN / ITIN: xxx-xx-8602

Debtor

_____/

Case No. 24-41956
Chapter 13
Hon. Mark Randon

ALEX BOYD and REBECCA BOYD,

        Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA
PISARSKI, KODY GRANDCHAMP,
HENRY GIRARD BELL,
CONSTRUCTION CONTRACTORS, LLC,
and EXPLORE INDUSTRIES USA, INC.,

        Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

## ORDER GRANTING DEFENDANTS HENRY GIRARD BELL AND CONSTRUCTION CONTRACTORS, LLC'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THIS CASE

This matter having come before the Court on Defendants Henry Girard Bell

and Construction Contractors, LLC's Motion to Remand or, in the Alternative, to

Abstain from Hearing this Case, with all parties and creditors having notice and an

opportunity to be heard, and the Court otherwise being fully apprised,

1

**IT IS HEREBY ORDERED** that Adversary Proceeding No. 24-04125-mar is hereby remanded to the Macomb County Circuit Court for the reasons stated on the record.

IT IS SO ORDERED.

_____
**Hon. Mark A. Randon**
**United States Bankruptcy Court Judge**

Signed on _____

# Exhibit 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

Case No. 24-41956
Chapter 13
Hon. Mark Randon

Brandon Heitmann
SSN / ITIN: xxx-xx-8602

Debtor
_____/

ALEX BOYD and REBECCA BOYD,

      Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA PISARSKI, KODY GRANDCHAMP, HENRY GIRARD BELL, CONSTRUCTION CONTRACTORS, LLC, and EXPLORE INDUSTRIES USA, INC.,

      Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

## <u>NOTICE OF DEFENDANTS HENRY GIRARD BELL AND CONSTRUCTION CONTRACTORS, LLC'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THIS CASE</u>

**PLEASE TAKE NOTICE** that Defendants Henry Girard Bell and Construction Contractors, LLC, have filed papers with the Court seeking remand this case to the Macomb County Circuit Court or, in the Alternative, asking the Court to abstain from hearing this case.

1

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to remand this case to the Macomb County Circuit Court or, in the Alternative, to abstain from hearing this case, or if you want the court to consider your views on the motion, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:

**US Bankruptcy Court**
Eastern District of Michigan
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Goran Antovski
Michigan Justice, PLLC
198 S. Main St., Ste. 2
Mt. Clemens, MI 48043

John F. Harrington
Law Offices of John F. Harrington
30500 Van Dyke Ave., Ste. 200
Warren, MI 48093

2

Tyler P. Phillips
Yousef M. Farraj
Kotz Sangster Wysocki PC
400 Renaissance Ctr., Ste. 3400
Detroit, MI 48243

Nicholas J. Tatro
Foley, Baron, Metzger, Juip, PLLC
38777 Six Mile Road, Ste. 300
Livonia, MI 48152

Jerry A. Lascoe
Christina A. Horn
Lascoe & Horn, PC
103 South Street
Rochester, MI 48307

2. If a response or an answer is timely filed and served, the clerk will schedule a

   hearing on the motion and you will be served with a notice of the date, time,

   and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

Respectfully submitted,

*/s/ Goran Antovski*
Goran Antovski (P75898)
Attorney for Defendants Henry Girard
Bell and Construction Contractors, LLC
198 S. Main St., Ste. 2
586-221-4100
goran@michiganjustice.com

Date: July 22, 2024

3

# Exhibit 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In the Matter of:

Brandon Heitmann

Debtor

_____/

Case No. 24-41956
Chapter 13
Hon. Mark Randon

ALEX BOYD and REBECCA BOYD,

      Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA PISARSKI, KODY GRANDCHAMP, HENRY GIRARD BELL, CONSTRUCTION CONTRACTORS, LLC, and EXPLORE INDUSTRIES USA, INC.,

      Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

## BRIEF IN SUPPORT OF DEFENDANTS HENRY GIRARD BELL AND CONSTRUCTION CONTRACTORS, LLC'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING THIS CASE

# STATEMENT OF QUESTIONS PRESENTED

**I.**     **This Court only has jurisdiction over Title 11 cases, matters arising under or in proceedings under Title 11, or matters that are "related to" a matter under Title 11. This case is not a Title 11 case, does not arise under or in proceedings under Title 11, and is not related to a matter under Title 11. Should this Court remand this matter to the state court based on a lack of subject matter jurisdiction?**

**II.**     **28 U.S.C. § 1452(b) allows a bankruptcy court to remand a matter removed under Section 1452(a) on any equitable ground. In this case, failure to remand would result in duplicative proceedings, the state court is capable of deciding the exclusively state-law claims at issue, and comity considerations weigh in favor of remand. Should this Court remand this matter to the state court under 28 U.S.C. § 1452(b)?**

**III.**     **A bankruptcy court must abstain from hearing a matter if it is based on state law claims, lacks an independent basis for federal court jurisdiction, was properly commenced in state court and capable of timely adjudication, and is a non-core proceeding. This case lacks an independent basis for federal jurisdiction, asserts only non-core state claims, was properly commenced in state court, and is capable of timely adjudication. Is this Court required to abstain from hearing this matter?**

**IV.**     **A bankruptcy court may abstain from hearing a matter in the interest of justice, comity with State Courts, or respect for State law. The claims in this case are non-core state law claims that are remote and unrelated to the bankruptcy case, no alternative basis for federal jurisdiction exists, and abstention will have no adverse effect on the administration of the bankruptcy estate. Should this Court abstain from hearing this matter?**

# CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

**Remand is appropriate because this Honorable Court lacks subject matter jurisdiction over this case.**

28 U.S.C. § 1334(b).

*In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996).

**Equitable remand is appropriate under 28 U.S.C. § 1452(b).**

28 U.S.C. § 1452(b).

*Rachmale v. Conese*, 515 B.R. 567 (Bankr. E.D. Mich. 2014).

**The doctrine of mandatory abstention applies because this matter lacks an independent basis for federal jurisdiction and is a non-core proceeding that was filed, and capable of timely adjudication, in state court.**

28 U.S.C. § 1334(c)(2).

*In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996).

*Sanders Confectionery Products, Inc v Heller Fin, Inc*, 973 F2d 474 (CA 6, 1992).

**The doctrine of permissive abstention applies because abstention will have no adverse effect on the bankruptcy estate, only state law claims unrelated to the bankruptcy are raised, and most claims in this case involve only non-debtors.**

28 U.S.C. § 1334(c)(1).

*In re Ondrajka*, 657 B.R. 217 (Bankr. E.D. Mich. 2024).

## Statement of Facts

On November 13, 2023, Alex and Rebecca Boyd filed a Complaint in Macomb County Circuit Court Case No. 23-003864-CZ against Defendants Brandon Heitmann, Amanda Pisarski, Kody Grandchamp, Henry Bell, Construction Contractors, LLC, Explore Industries USA Inc, and Imagine Pools. The Complaint alleged only state law claims. Count I alleged Fraudulent Misrepresentation against Defendants Heitmann, Pisarski, and Grandchamp. Count II alleged Fraudulent Misrepresentation against Defendants Henry Bell and Construction Contractors, LLC. Count III alleged Silent Fraud by all Defendants. Count IV alleged Civil Conspiracy by all Defendants. Count V alleged Negligence against Defendant Explore Industries USA, Inc. Finally, Count VI alleged Negligent Misrepresentation against Defendant Explore Industries USA, Inc.

According to the Complaint, Plaintiffs entered into a contract with Brandon Heitmann's company, Exigent Landscaping, under which Exigent was to construct a pool for Plaintiffs. Boyds' Complaint at 3. Exigent, Heitmann, Pisarski, and Grandchamp held out to Plaintiffs that Exigent was licensed. *Id*. at 3, 4. It was not alleged that Mr. Bell or CC LLC were parties to the contract or that Plaintiffs believed that Mr. Bell or CC LLC were going to have any involvement in the pool's construction. The Complaint alleges that Defendants Heitmann, Pisarski, and

1

Grandchamp were representatives of Exigent. *Id*. at 3. It was not alleged that Mr. Bell or CC LLC were representatives of Exigent.

The Complaint alleges that Mr. Bell and CC LLC applied for building permits to build a pool at Plaintiffs' home. *Id*. at 6. The Complaint alleges that Mr. Bell and CC LLC "represented to Macomb Township that they were the contractors for the project, utilizing their respective residential builders' license number and expiration date." *Id*. The Complaint correctly acknowledges, however, that Mr. Bell and CC LLC "were [not] involved in the project and [had not] entered into a contract with" Plaintiffs. *Id*. at 7. The Complaint does not allege that Mr. Bell or CC LLC ever made any representation to Plaintiffs or ever communicated with Plaintiffs in any way.

Plaintiffs claim that they paid Exigent "the vast majority of the $130,000.00 contract price." *Id*. at 5. The Complaint does not allege that Mr. Bell or CC LLC received any portion of the $130,000 contract price, received any benefits from that money, received any payments or benefits from Exigent, or benefitted in any way from the business transaction and contract between Plaintiffs, Exigent, Heitmann, Grandchamp, Pisarski, and Explore Industries USA, INC.

The Complaint alleged that Plaintiffs were induced to enter the contract based on (1) misrepresentations by Defendants Heitmann, Pisarski, and Grandchamp that Exigent was a licensed residential contractor and (2) the fact that Exigent was an

2

authorized dealer of Imagine Pools through Defendant Explore Industries. *Id*. at 5–6. These allegations have nothing to do with Mr. Bell or CC LLC, and Plaintiffs do not allege otherwise. The Complaint does not allege that Plaintiffs entered the contract based anything Mr. Bell or CC LLC did or said.

On February 29, 2024, Debtor Brandon Heitmann filed a voluntary Chapter 13 Bankruptcy Petition in this Court. On May 2, 2024, Debtor removed Case No. 23-003864-CZ to this Court by filing a Notice of Removal. This Honorable Court initially set the deadline to file a Motion to Remand for June 20, 2024. On June 10, 2024, based on a stipulation of the parties, the Court extended the time in which to file a motion to remand until July 22, 2024. Defendant Bell and Construction Contractors now timely present the Court with the instant Motion to Remand or to Abstain.

**Law and Argument**

## I. This Honorable Court should remand this matter to the Macomb County Circuit Court.

Defendants Henry Bell and Construction Contractors argue that remand is appropriate in this case for two reasons. First, remand is appropriate because this Honorable Court lacks subject matter jurisdiction over this case. Second, remand is appropriate on equitable grounds under 28 U.S.C. § 1452(b).

3

A. <u>Remand is required because this Honorable Court lacks subject matter jurisdiction over this case.</u>

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 1498, 131 L. Ed. 2d 403 (1995). Under 28 U.S.C. § 1334(b), federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id*. "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "The district courts may, in turn, refer 'any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district.'" *Id*., quoting 28 U.S.C. § 157(a). By Local Rule, the Eastern District of Michigan refers all cases arising under, arising in, or related to Title 11 to the bankruptcy court. E.D. LR 83.50(a)(1). If a matter

"The phrase arising under title 11 describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *In re Ondrajka*, 657 B.R. 217, 223 (Bankr. E.D. Mich. 2024). Claims that do not arise under title 11 or arise in a case under title 11 are at best "related to" claims, which are noncore. See *id*. at 224.

4

"Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 307 n 5. "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), as amended on denial of reh'g and reh'g en banc (June 3, 1996) (quotations omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. (quotation omitted). "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." *Id*. (quotation omitted). "Instead, there must be some nexus between the 'related' civil proceeding and the title 11 case." *Id*. (quotation omitted).

The Sixth Circuit has held that sufficiently numerous claims for contribution or indemnification against the debtor can render cases against non-debtor third parties "related to" the bankruptcy case. In *In re Dow Corning*, the Sixth Circuit found that thousands of claims for contribution or indemnification were likely

5

because "[t]housands of suits asserted against Dow Corning include[d] claims against the nondebtors, and the nature of the claims asserted establishes that Dow Corning and the various nondebtor defendants [were] closely related with regard to the [subject matter of the] litigation." *In re Dow Corning Corp*, 86 F3d 482, 493 (CA 6, 1996). The Sixth Circuit held that these numerous claims for contribution or indemnification "w[ould] affect the debtor's rights, liabilities, options, and freedom of action in the administration of its estate." *Id*. at 491. The Sixth Circuit suggested, however, that a single claim for contribution or indemnification would not be a sufficient nexus to establish "related to" jurisdiction. *Id*. at 493.

In this case, the claims at issue do not arise under or arise in proceedings under Title 11. These state law claims do not implicate any substantive right created under federal bankruptcy law and can exist completely separately from the bankruptcy action. These claims accrued and were raised long before the bankruptcy proceedings in this matter were commenced.

These claims are also not "related to" the bankruptcy proceedings. These claims have nothing to do with the bankruptcy proceedings or estate. While it is anticipated that Debtor will argue that potential claims for contribution or indemnification against Debtor as a result of the state law claims renders those claims "related to" the bankruptcy, this is not so. The Sixth Circuit in *Dow Corning* expressed doubt as to whether potential claims for contribution and indemnification

could establish a sufficient nexus such that state law claims would be rendered "related to" a bankruptcy proceeding. In that case, which was one of the biggest mass tort litigations of all time, "related to" status was found based on the fact that there were *thousands* of potential contribution and indemnification claims against the estate. That is not the case here. Here, there are at most five such claims. This is simply not a sufficient nexus to establish "related to" jurisdiction under *Dow Corning*.

No other basis exists to find "related to" status. The claims by the Boyds against Mr. Bell and Construction Contractors, LLC, are between non-debtors and simply do not have any relation or nexus to the bankruptcy estate. For this reason, this Honorable Court lacks subject matter jurisdiction over this matter and must remand this case to the Macomb County Circuit Court.

B. Equitable remand is appropriate under 28 U.S.C. § 1452(b).

A bankruptcy court may remand a "claim or cause of action" that has been removed under Section 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b). In determining whether equitable remand is appropriate, courts consider the following factors:

> (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) the state's ability to handle a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in

7

which the matter was originally pending[.] [*Rachmale v. Conese*, 515 B.R. 567, 573 (Bankr. E.D. Mich. 2014).]

"The Court has broad discretion to determine whether to equitably remand." *Id.* at 574.

Under Factor 1, "[t]he right to a jury trial weighs in favor of equitable remand." *Id*. at 575. The bankruptcy court can only conduct a jury trial "with the express consent of all the parties." 28 U.S.C. § 157(e). Thus, "[a]bsent . . . the consent of the parties, bankruptcy courts within the Sixth Circuit do not have the authority to conduct jury trials." *Roberds, Inc. v. Palliser Furniture*, 291 B.R. 102, 104 (S.D. Ohio 2003). Where there is a right to a jury trial and the parties do no consent to the bankruptcy court conducting it, the jury trial must be held in the district court. *Id*. Similarly, in cases "related to" a Title 11 case, de novo review by the district court creates the possibility of duplicative and uneconomical effort of judicial resources. See Rachmale, 515 B.R. at 575.

"[W]here the issues in pending litigation involve only state law, it has been held that the expertise of the bankruptcy court is unnecessary." In re Duran, 586 B.R. 7, 12 (Bankr. N.D. Ohio 2018). Michigan state law "claims are best-adjudicated by a Michigan court." *Rachmale*, 515 B.R. at 575. Likewise, state courts are better equipped than bankruptcy courts to conduct a jury trial on state law claims. *Duran*, 586 B.R. at 12. And "comity considerations dictate that federal courts should be

8

hesitant to exercise jurisdiction when state issues substantially predominate." *Rachmale*, 515 B.R. at 575 (cleaned up).

In this case, numerous factors weigh in favor of equitable remand. Relevant to Factor 1, both the Plaintiffs and Defendants Bell and Construction Contractors, LLC, have demanded a jury trial on the legal claims at issue in this case. Defendants Bell and Construction Contractors, LLC, have not yet consented to this Honorable Court exercising jurisdiction over this matter, including conducting the jury trial. Thus, if this matter is not remanded, there is a possibility of duplicative proceedings and the uneconomical effort of judicial resources. Thus, Factor 1 weighs strongly in favor of equitable remand.

Further, these adversarial proceedings involve only state law claims that are at best, only distantly related to the bankruptcy estate or bankruptcy law. The fact that only state law claims are raised weighs in favor of equitable remand. The state court is uniquely capable of handling a suit involving state law questions and, moreover, conducting a state-law jury trial. Conversely, the expertise of the bankruptcy court is not needed in this matter because it only involves state law claims. Consequently, Factors 4, 5, and 7 weigh strongly in favor of equitable remand.

As to Factor 6, if this Honorable Court were to remand this entire case back to the Macomb County Circuit Court, there would be no danger of an inconsistent

result. See *Rachmale*, 515 B.R. at 575. If the entire matter is heard by the state court, there would only be one result, eliminating the potential for inconsistency.

Factor 2, which relates to prejudice, is neutral. While Defendants Bell and Construction Contractors would suffer prejudice as a result of removal, this prejudice is admittedly minor given the early stage of litigation in the state court at the time of removal. Similarly, Factor 3 is neutral, as the doctrine of *Forum Non Conveniens* appears to have little application in this matter.

In summary, this Honorable Court should grant equitable remand. Factors 1, 4, 5, 6, and 7 weigh strongly in favor of remand, while no factors weigh against remand. On balance, equitable remand is appropriate in this case.

## II.     This Honorable Court should abstain from hearing this matter.

"The abstention provisions of 28 U.S.C. § 1334(c) qualify Section 1334(b)'s broad grant of jurisdiction." *Dow Corning*, 86 F3d at 497. "Section 1334 provides for two types of abstention: discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory abstention under 28 U.S.C. § 1334(c)(2)." *Id*. "State law claims can be, and often are, adjudicated in state court even after one of the parties has filed for bankruptcy relief. It is not unusual for bankruptcy courts to permit this." *Ondrajka*, 657 B.R. at 226–27.

A. <u>Mandatory abstention applies in this case.</u>

Section 1334 states that, "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

"For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *Dow Corning*, 86 F3d at 497; 28 U.S.C. § 1334(c)(2). "The requirements for mandatory abstention dictate that each case must be examined individually." *Dow Corning*, 113 F3d at 570.

"Core proceedings are described in 28 U.S.C. § 157." *In re Lowenbraun*, 453 F3d 314, 320 (CA 6, 2006). "A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionery Products, Inc v Heller Fin, Inc*, 973 F2d 474, 483 (CA 6, 1992). See also *Ondrajka*, 657 B.R. at 223.

"The phrase arising under title 11 describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Ondrajka*, 657 B.R. at 223. Claims that do not arise under title 11 or arise in a case under title 11 are at best "related to" claims, which are non-core. See *id*. at 224.

In this case, the first element of mandatory abstention is met because all claims in this matter are state law claims. No federal claims are raised, and no claims under title 11 are raised. The second element is met because there is no other basis for federal jurisdiction other than removal under 28 U.S.C. § 1334. This case involves only state law claims, and complete diversity of citizenship is not present because the Boyds and Mr. Bell are Michigan citizens, and CC LLC is a Michigan Limited Liability Company. The third element is met because a case has been initiated in state court. The Boyds initially filed Case No. 2023-003864-CZ in the Macomb County Circuit Court, where it was timely adjudicated until the bankruptcy proceeding was commenced.

The fourth element is met because this case is capable of timely adjudication in state court. Before Mr. Heitmann's commencement of this bankruptcy case, Case No. 2023-003864-CZ was being adjudicated in a timely manner in the Macomb County Circuit Court. This is evidenced by the fact that the Macomb County Circuit

Court has already heard and decided several pretrial motions in a timely manner. Although one motion hearing was adjourned, this was at the request of a party in the interest of judicial economy (in order to allow two motions to be heard on the same date instead of separately). The docket in Case No. 2023-003864-CZ shows that the Macomb County Circuit Court has the ability, motivation, and resources to timely adjudicate this matter. Nothing in the docket in Case No. 2023-003864-CZ suggests that timely adjudication is not possible.

The fifth element of mandatory abstention is met because this is a non-core proceeding. The claims raised by the Boyds are all state law claims. No substantive right created under federal bankruptcy law is implicated by these claims. These are claims that can exist completely separately from the bankruptcy action. These claims—for fraud, silent fraud, conspiracy, and negligence—do not relate to the administration of the bankruptcy estate or to any claim or creditor of the estate. These claims have nothing to do with the bankruptcy in this matter. These claims accrued and were raised long before the bankruptcy proceedings in this matter were commenced. At best, these are "related to" claims, which are non-core.

Because all of the elements of mandatory abstention are satisfied, this Honorable Court must abstain from hearing this matter and must therefore remand this case back to the Macomb County Circuit Court.

B. <u>Permissive abstention applies in this case.</u>

Under Section 1334(c)(1), "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, [may] abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Bankruptcy courts consider 13 non-exhaustive factors when deciding whether to abstain on a permissive basis:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and, 13) any unusual or other significant factors. [*Ondrajka*, 657 B.R. at 228.]

Not every factor must be applied in every case, as the above list of factors merely "provides a starting point for a permissive abstention analysis." *Id*.

In this case, numerous factors weigh strongly in favor of abstention, and no factors weigh against abstention. Abstention will have no adverse effect on the efficient administration of the bankruptcy estate. The claims between the Boyds and Mr. Bell and CC LLC are between non-debtors and do not implicate the

14

administration of the bankruptcy estate at all. Even viewing this adversary proceeding more broadly, the Debtor is but one defendant—the Boyds and all other defendants are non-debtors. The administration of the bankruptcy estate will proceed as normal regardless of whether this Court abstains or not.

Further, all causes of action that the Boyds have alleged in this matter arise purely under Michigan law. The Boyds have not advanced any federal claims in this case, and it does not appear that they could do so based on the allegations in the Complaint. There is no jurisdictional basis other than 28 U.S.C. § 1334 in this case. This case involves only state law claims, and complete diversity of citizenship is not present because the Boyds and Mr. Bell are Michigan citizens, and CC LLC is a Michigan Limited Liability Company. Moreover, the claims advanced by the Boyds are remote and unrelated to the bankruptcy case. The claims advanced are noncore claims and do not relate in any meaningful way to the bankruptcy estate. In fact, these claims are so remote that they will not have any conceivable effect on the bankruptcy estate. These claims can easily be severed from the bankruptcy case without any effect on the bankruptcy case whatsoever.

Judicial economy also favors abstention. Because this is a non-core proceeding, this Honorable Court will be limited to rendering proposed findings of fact and conclusions of law, which will be subject to de novo review by the District Court. This will delay the ultimate resolution of this matter. Moreover, declining to

abstain will place a significant burden on the docket of this Honorable Court. This burden would require the Court to expend valuable resources to decide disputes between various non-debtors that will have no impact on the administration of the bankruptcy estate.

For the reasons stated above, this Honorable Court should exercise its discretion to abstain from hearing this matter.

## Conclusion and Relief Requested

For the reasons stated above, Defendants Henry Bell and Construction Contractors, LLC, hereby respectfully request that this Honorable Court remand this matter to the Macomb County Circuit Court based on a lack of subject matter jurisdiction and under 28 U.S.C. § 1452(b). In the alternative, Defendants Henry Bell and Construction Contractors, LLC, hereby respectfully request that this Honorable Court abstain from hearing this matter for the reasons stated above.

Respectfully submitted,

*/s/ Goran Antovski*
Goran Antovski (P75898)
Attorney for Defendants Henry Girard Bell and Construction Contractors, LLC
198 S. Main St., Ste. 2
586-221-4100
Date: July 22, 2024          goran@michiganjustice.com

16

# Exhibit 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

Brandon Heitmann

Debtor

_____/

Case No. 24-41956
Chapter 13
Hon. Mark Randon

ALEX BOYD and REBECCA BOYD,

      Plaintiffs,

    v.

BRANDON HEITMANN, AMANDA
PISARSKI, KODY GRANDCHAMP,
HENRY GIRARD BELL,
CONSTRUCTION CONTRACTORS, LLC,
and EXPLORE INDUSTRIES USA, INC.,

      Defendants.

Adv. No. 24-04125-mar
Hon. Mark Randon
State Court Case No. 23-003864-CZ

_____

### PROOF OF SERVICE FOR
### DEFENDANTS HENRY GIRARD BELL AND CONSTRUCTION
### CONTRACTORS, LLC'S MOTION TO REMAND OR, IN THE
### ALTERNATIVE, TO ABSTAIN FROM HEARING THIS CASE

    The undersigned, Goran Antovski, hereby certifies that on July 22, 2024, a

copy of Defendants Henry Bell and Construction Contractors, LLC's Motion to

Remand or, in the Alternative, to Abstain from Hearing this Matter, Proposed Order,

Notice of Motion and Opportunity to Respond, and Brief in Support were

electronically filed with the Clerk of the Court using the CM/ECF system which will

1

send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

Respectfully submitted,

/s/ Goran Antovski
Goran Antovski (P75898)
Attorney for Defendants Henry Girard
Bell and Construction Contractors, LLC
198 S. Main St., Ste. 2
586-221-4100
Date: July 22, 2024    goran@michiganjustice.com

2