## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In the Matter of:

     Brandon Heitmann                 Case No.  24-41956
                                 Chapter 13
     Debtor                         Hon. Mark Randon
_____/

ALEX BOYD and REBECCA BOYD      Adv. No.  24-04125-mar
                                 Hon. Mark Randon
         Plaintiffs,
                                 State Court Case No. 23-003864-CZ

vs.

BRANDON HEITMANN,AMANDA PISARSKI, KODY
GRANDCHAMP, HENRY GIRARD BELL,
CONSTRUCTION CONTRACTORS, LLC, and
EXPLORE INDUSTRIES USA, INC.,
         Defendants,
_____/

## DEFENDANT/DEBTOR BRANDON HEITMANN'S OBJECTION TO MOTION FOR REMAND AND FOR ABSTENTION

     Defendant/Debtor Brandon Heitmann ("Debtor") states,

**I.**     **Summary:**

     Plaintiffs Carter and Boyd, and Defendant Henry Bell/Construction Contractors

filed motions to remand or have this Court abstain from asserting jurisdiction over the

Carter and Boyd Removed Lawsuits[1] from the Macomb County Circuit Court on grounds

of an alleged lack of subject matter jurisdiction, mandatory abstention under 28 U.S.C. §

1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand

---

[1] <u>Boyd v Heitmann, et al</u>, Macomb County  Circuit Court Case No. 23-003864-CZ, and
<u>Carter v Heitmann, et al</u>, Macomb County Circuit Court No. 23-003865-CZ (the "Carter
and Boyd Removed Lawsuits").

under 28 U.S.C. § 1452(b).  For the reasons set forth below, the Motions should be denied.

1.  The Court has subject matter jurisdiction over the Carter and Boyd Removed Lawsuits because they are at least "related to" the Debtor's case as Carter and Boyd filed proofs of claim, and are likely to file nondischargeability complaints against Debtor based upon the allegations in their complaints.

2.  Contrary to the Movants' contentions, the Carter and Boyd Removed Lawsuits are core proceedings and thus mandatory abstention is inapplicable.  The Carter and Boyd Removed Lawsuits are core proceedings as Carter and Boyd both filed proofs of claim that appear intended to incorporate their Macomb County Complaints (there is no other business relationship between the Plaintiffs and Debtor).  Accordingly, mandatory abstention is not appropriate.

3.  Movants will be unable to satisfy their burden to prove the factors required for permissive abstention and equitable remand because the great weight of the relevant factors militate in favor of this Court retaining jurisdiction.  For example, all parties have implicitly consented to this Court holding a jury trial as no party timely filed an objection to this Court's ability to hold a jury trial as required by the local rules.  Moreover, if this Court declines to assert jurisdiction over the non-dischargeability issues to be raised by Carter and Boyd as to whether their claims against the Debtor are nondischargeable, there will have to be 3 different judges adjudicating the issues as the Carter and Boyd Removed Lawsuits are with different Judges.

4.  The claims asserted by Carter and Boyd in the Carter and Boyd Removed Lawsuits against Debtor will likely become the subject of nondischargeability complaints assuming Carter and Boyd timely file nondischargeability complaints by the current deadline of on or about August 27, 2024.  This Court has exclusive jurisdiction over nondischargeability issues, and the Carter and Boyd Removed Lawsuits primarily complain of the actions of Debtor who is the former owner of Exigent Landscaping, LLC, currently a chapter 7 debtor.  As such, the counts against Debtor cannot be separately tried, which means that unless this Court exercises jurisdiction over the Carter and Boyd Removed Lawsuits and declines to abstain (and is thus the only Judge hearing the Carter and Boyd Removed Lawsuits), at least 2 and possibly 3 different judges will adjudicate the intertwined issues in the Carter and Boyd Removed Lawsuits (this Court for the nondischargeability issues as to Debtor, and Judge Gatti as to whether liability exists regarding the actions of Debtor and the other defendants regarding Carter, and Judge Viviano as to whether liability exists regarding the actions of  Debtor and the other defendants regarding Boyd).  Requiring multiple Courts to address the various legal and factual issues will lead to inconsistent results, an inefficient use of legal and judicial resources, and cause delay and confusion.

## II.    Background

Exigent Landscaping, LLC is wholly owned by Debtor.  Until Exigent's chapter 11 case was converted on February 12, 2024, Debtor installed swimming pools through Exigent.   Exigent had filed a chapter 11 bankruptcy on August 7, 2023, with the hope that Exigent could reorganize and be able to pay its debts.  Because of an inability to fund chapter 11 plan payments, Exigent's case was converted to a chapter 7 bankruptcy. In light of Exigent not being able to fund the repayment of its business debts, Debtor filed his chapter 13 bankruptcy on February 29, 2024 in order to get a fresh start.

On May 2, 2024, Debtor removed the Carter and Boyd Removed Lawsuits from Macomb Circuit Court to the District Court for the Eastern District of Michigan, which was automatically referred to this Court by local rule.  LR 83.50(a)(1) (E.D.MI)

As of that date of removal, little had happened in the Macomb County Circuit Court.  For example,

1.  Both lawsuits were filed on November 13, 2023, and they are in their early stages;

2.  No parties have engaged in discovery yet;

3.  There have been no initial disclosures filed;

4.  No discovery depositions have been noticed or taken

5.   No trial date has been set;

6.  Early on, either answers or motions for summary in lieu of answers were filed.

The complaints in Carter and in Boyd are nearly identical other than the names of the plaintiffs, and that the Carter complaint is 61 paragraphs and the Boyd Complaint is 63 paragraphs, each with the exact same 6 counts, with the primary difference that a former employee of Exigent, Kody Grandchamp, was also sued in Boyd [and thus the

Boyd complaint is 2 paragraphs longer].   The same 6 counts are in each complaint, Counts I and II for fraudulent misrepresentation, Count III for silent fraud, Count IV for civil conspiracy, Count V for negligence, and Count VI for negligent misrepresentation.

Debtor was the owner of Exigent Landscaping, and the gist of the Complaints deals with the actions of the Debtor and Exigent, not the non-debtor parties.  The non-debtor parties are the Debtor's spouse, another contractor who is alleged to have allowed Debtor or Debtor's former entity Exigent Landscaping, LLC to use his contractor's license, a former employee of Exigent (who was only sued in the Boyd case), and the pool supply company whose pools Debtor (through Exigent) was to install for Boyd and Carter.

Note that Debtor disputes any liability to Boyd or Carter, each of whom committed the first material breach of the parties' agreement, and each of whom prevented Debtor and Exigent from being able to complete the contracts. In short, the Boyd and Carter disputes are based on dissatisfaction of specific, correctable aspects of workmanship performed by Exigent—not grandiose theories of collusive conspiracy and fraud which have pulled in Debtor's wife and employee.

 Attached are the docket sheets to the Carter and Boyd litigation, and the filed complaints.  The 2 state court matters are already not being uniformly adjudicated, in the Carter Lawsuit, one of the 2 state court judges dismissed Henry Bell and his company Construction  Contractors, LLC but Defendant Explore Industries USA Inc.'s motion for summary disposition was denied.  The exact opposite occurred in the Boyd lawsuit, however,  Henry Bell and his company Construction  Contractors, LLC filed a motion for summary disposition which was denied, and Explore Industries USA Inc. filed

a motion for summary disposition which was granted.

## III.    General Analysis

As this Court stated in <u>Rachmale v. Conese</u>, 515 B.R. 567, 572 (Bankr. E.D. Mich.

2014), the proper analysis on a motion to remand or for abstention follows:

> "The Court must first determine whether it has subject matter jurisdiction. If it does, the Court must then decide whether it is most appropriate to: (1) abstain from exercising its jurisdiction; (2) equitably remand the case; or, (3) transfer some or all of the claims to the Delaware Bankruptcy Court. If jurisdiction is not proper, the Court must remand."

## IV.    Burden of Proof

As the party removing the lawsuits, Debtor has the burden to demonstrate that

subject matter jurisdiction exists.  See generally, <u>Eastman v. Marine Mechanical Corp.</u>, 438

F.3d 544, 549 (6th Cir. 2006).  Once that has occurred,  the burden shifts. The burden of

proof on a motion to remand, and for mandatory or permissive abstention and for equitable

remand, is upon the movant.  See e.g. <u>Parret v. Bank One, N.A. (In re Nat'l Century Fin.</u>

<u>Enter., Inc., Inv. Litigation)</u>, 323 F. Supp. 2d 861, 881 (S.D. Ohio 2004)("The party seeking

mandatory abstention bears the burden of demonstrating that each of the requirements are

satisfied." ); <u>In re Tronox</u>, 603 B.R. 712, 726 (Bankr. S.D.N.Y. 2019).[2].

Note that "abstention from the exercise of federal jurisdiction is the exception rather than

the rule," <u>Dayton Title Agency, Inc. v. Wright (In re Dayton Title Agency, Inc.)</u>, 304 B.R. 323,

---

[2]  See also <u>CAMOFI Master LDC v. U.S. Coal Corp.</u>, 527 B.R. 138, 143-44 (Bankr. S.D.N.Y. 2015) ("...<u>See Residential Funding Co., LLC v. UBS Real Estate Secs., Inc. (In re Residential Capital, LLC )</u>, 515 B.R. 52, 67 (Bankr.S.D.N.Y.2014) ("The movant bears the burden of establishing that permissive abstention is warranted."); <u>New York City Emps.' Ret. Sys. v. Ebbers (In re Worldcom, Inc. Secs. Litig.)</u>, 293 B.R. 308, 334 (S.D.N.Y.2003) ("The equitable remand analysis, as the parties agree, is essentially the same as the Section 1334(c)(1) abstention analysis.") …. Accordingly, this Court will place the burden on the movants to demonstrate that remand is appropriate. ").

329 (Bankr. S.D. Ohio 2004) (citation omitted)  Moreover, Movants carry a heavy burden as permissive abstention is an "extraordinary and narrow exception," and should be exercised sparingly. CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC, 396 B.R. 602, 607 (S.D.N.Y. 2008) (citations omitted).

Permissive abstention is rarely appropriate because § 1334(c)(1) must be interpreted "[a]gainst the bedrock principle that federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP, No. 19-CV-11058 (RA), 2020 WL 5814233, at *6 (S.D.N.Y. Sept. 30, 2020) (quoting Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976)). Thus, the presumption is against abstention. See, e.g., In re AOG Entm't, Inc., No. 16-11090 (SMB), 2019 WL 1054921, at *8 (Bankr. S.D.N.Y. Mar. 5, 2019) (citing Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P., 487 B.R. 158, 165 (S.D.N.Y. 2013)).

## V.      Subject Matter Jurisdiction Exists

This Court has subject matter jurisdiction over the Carter and Boyd Removed Lawsuits.  As this Court stated in Rachmale v. Conese, 515 B.R. 567, 572 (Bankr. E.D. Mich. 2014) regarding whether subject matter jurisdiction is present,

"Upon referral from the district court, a bankruptcy court has subject-matter jurisdiction over all cases "under title 11," and all civil proceedings "arising under," "arising in," or "related to" a case under title 11. 28 U.S.C. § 1334(a), (b). Actions "arising under" title 11 involve claims created or determined by a statutory provision of title 11. In re Bliss Technologies, Inc., 307 B.R. 598, 602 (Bankr.E.D.Mich.2004). "Arising in" proceedings are those that are not based on any right expressly created by title 11, but would not exist outside of the bankruptcy. Id.

The parties make various arguments on the applicability of arising in, arising under, and related to jurisdiction. However, under section 1334(b), the Court need not distinguish between these categories: they "operate conjunctively to define the scope of jurisdiction."

In re Wolverine Radio Co., 930 F.2d 1132, 1141 (6th Cir.1991) (citing In re Wood, 825 F.2d 90, 93 (5th Cir.1987)).

An action is "related to" a case under title 11 if its outcome could " conceivably have any effect" on the bankruptcy estate. Wolverine Radio Co., 930 F.2d at 1142 (finding that even where an indemnification agreement "may ultimately have no effect on the debtor," no conceivable effect could not be ruled out; related to jurisdiction was established).

And, section 1334(b) "does not require a finding of definite liability of the estate as a condition precedent to holding an action related to a bankruptcy proceeding." Wolverine Radio Co.,930 F.2d at 1142. Because any judgment that results from Rachmale's Complaint could conceivably effect LTC's bankruptcy estate, through the indemnification provisions, the Court has subject matter jurisdiction."

Rachmale v. Conese, 515 B.R. 567, 573 (Bankr. E.D. Mich. 2014)

The Carter and Boyd Removed Lawsuits relate to filed proofs of claims and thus arise in or are related to the Bankruptcy Case. Most likely, Carter and Boyd will assert that their claims are also nondischargeable. Determining whether and to the extent that Carter and Boyd have claims will affect the distribution to creditors. If Carter and Boyd are found to have nondischargeable claims, this will affect the Debtor's plan and the scope of the discharge. Whether "arising in" or "related to", there is subject matter jurisdiction over the Carter and Boyd Removed Lawsuits.

## VI.     Mandatory Abstention would not be appropriate because the Carter and Boyd Removed Lawsuits are core proceedings and thus mandatory abstention is inapplicable.

Section 1334(c)(2) governs mandatory abstention, and states:

"Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

"[F]or mandatory abstention to apply to a particular proceeding, there must be a timely motion by a party to that proceeding, and the proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." Lindsey v. Dow Chemical Co. (In re Dow Corning Corp.), 113 F.3d 565, 570 (6th Cir. 1997).

Under 28 U.S.C. §1334(c)(2), mandatory abstention may apply when an action is "related to" a case under Title 11 but *not* when it arises under Title 11 or arises in a case under Title 11. 28 U.S.C. § 157(b)(1) enumerates the types of proceedings that arise in a case under Title 11, and accordingly constitute "core" proceedings.

Courts interpret "core proceedings" as broadly as permitted under the Constitution. U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n., Inc. (In re U.S. Lines, Inc.), 197 F.3d 631, 637 (2d Cir. 1999). This is in accord with the Supreme Court's explanation that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).

The interests of the Court in being able to efficiently resolve the Debtor's chapter 13 case strongly favors "a comprehensive 'one-stop shop' resolution of the bankruptcy proceeding, and disfavor atomizing that proceeding by dispatching the claims here to a court other than the Bankruptcy Court." Del. Tr. Co. v. Wilmington Tr., N.A., 534 B.R. 500, 519 (S.D.N.Y. 2015). It bears repeating that the breadth of bankruptcy courts' jurisdiction is at least in part owing to the need for resolution of matters under a single umbrella. See Celotex, 514 U.S. at 308.

## VII. The Carter and Boyd Lawsuits are Core Proceedings and thus mandatory abstention is not applicable

The Boyd and Carter state court lawsuits, as removed, are core proceedings. This

is true for two reasons: claims resolution, and dischargeability determinations.

## A. Claims Resolution

In the first place, both Boyd and Carter have filed proofs of claim in the

bankruptcy case.

| | | |
|---|---|---|
| *Creditor:* (27967427) Dan Carter 22162 Chaucer Ct Macomb, MI 48044 | **Claim No: 15** *Original Filed Date*: 05/07/2024 *Original Entered Date*: 05/07/2024 | *Status:* *Filed by:* CR *Entered by:* John F. Harrington *Modified:* |
| *Creditor:* (27967426) Alex and Rebecca Boyd 50639 Cheltenham Dr Macomb Twp, MI 48044 | **Claim No: 16** *Original Filed Date*: 05/07/2024 *Original Entered Date*: 05/07/2024 | *Status:* *Filed by:* CR *Entered by:* John F. Harrington *Modified:* |

The proofs of claim were intended to relate to the subject matter of the Carter and Boyd

Removed Lawsuits; there was no other relationship between Carter and Defendants, and

Boyd and Defendants.  The Boyd proof of claim [POC 16] provides,

| 7. How much is the claim? | $_____ 300,000.00 | Does this amount include interest or other charges? |
| | | ☑ No |
| | | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. | |
| | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). | |
| | Limit disclosing information that is entitled to privacy, such as health care information. | |
| | Fraud; defective installation of swimming pool | |

The Carter proof of claim [POC 15] is a little different because it appears to be mistakenly filed as there is no proof of claim form attached, and the document filed as the proof of claim relates to unrelated litigation. Debtor assumes that it was intended to be similar to the Boyd proof of claim which alleges "fraud, defective installation of swimming pool."

Accordingly, the removed adversary proceedings are "core" proceedings under 28 U.S.C. § 157(b)(2)(B), because they concern "the allowance or disallowance of claims against the bankruptcy estate." See Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.), 220 B.R. 932, 949–50 (Bankr. E.D. Tenn. 1998) (footnote omitted) (citations omitted)( "the general rule [is] an action commenced against the Debtor by a party who filed a proof of claim in the Debtor's case is a core proceeding so long as the claim and the action share the same basis for liability"), cited in In re Ondrajka, 657 B.R. 217 (Bankr. E.D. Mich. 2024)(J. Tucker). [3]

### B. Nondischargeability determinations

---

[3] See also In re Argus Group 1700, Inc., 206 B.R. 737, 747-48 (Bankr. E.D.Pa.1996) ("Debtor's proposition that the filing of a proof of claim in bankruptcy transforms a prepetition state law claim which was filed in state court before the bankruptcy into a core proceeding is sound").

Moreover, the elephant in the room shouldn't be ignored.  The adversary proceeding deadline is set to expire on August 27, 2024.  The Boyd proof of claim expressly alleges "fraud", while the Carter proof of claim likely intended to do that as well. Debtor anticipates that Carter and Boyd will timely file adversary complaints to determine the dischargeability of the claims asserted in their proofs of claim, which relate to the claims in the Carter and Boyd Removed Lawsuits.   There is no other relationship between the parties other than that Debtor's solely owned company, Exigent Landscaping, LLC, a chapter 7 Debtor, 23-46912, contracted to install a swimming pool for both Plaintiffs. The nondischargeability actions will add a further basis to conclude that the Carter and Boyd Removed Lawsuits are core pursuant to 28 U.S.C. section 157(b)(2)(I) and potentially (J),

"28 U.S. Code § 157 - Procedures
(a)Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
(b)(1)Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
(2)Core proceedings include, but are not limited to—
…(I)determinations as to the dischargeability of particular debts;
        (J)objections to discharges;"

**Exclusive Jurisdiction of Bankruptcy Court regarding dischargeability issues**

Furthermore, when Carter and Boyd file an adversary proceeding to determine the dischargeability of their alleged claims against Debtor, they will presumably rely on either 11 U.S.C. sections 523(a)(2), (4) or (6).  This Court has exclusive jurisdiction over nondischargeability determinations regarding 11 U.S.C. sections 523(a)(2), (4) or (6).[4]

---

[4] See Spilman v. Harley, 656 F.2d 224, 226 (6th Cir. 1981) (holding determinations under section 523(c) were to be made solely by the bankruptcy court).Cf. In re Andrus, 338 B.R.

**VIII    Permissive Abstention (28 U.S.C. § 1334(C)(1)) and Equitable Remand (28 U.S.C. § 1452(B)) are not warranted because the factors weigh heavily against remand**

As previously noted, Movants carry a heavy burden as permissive abstention is an "extraordinary and narrow exception," and should be exercised sparingly. <u>CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC</u>, 396 B.R. 602, 607 (S.D.N.Y. 2008) (citations omitted).    Permissive abstention is rarely appropriate because § 1334(c)(1) must be interpreted "[a]gainst the bedrock principle that federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." <u>Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP</u>, No. 19-CV-11058 (RA), 2020 WL 5814233, at *6 (S.D.N.Y. Sept. 30, 2020) (quoting <u>Colo. River Water Conserv. Dist. v. United States</u>, 424 U.S. 800, 817 (1976)).

Movants have not met their burden of demonstrating that either permissive abstention or equitable remand is warranted. Therefore, their request for this Court to abstain from exercising jurisdiction over the Carter and Boyd Removed Litigation should be denied.

**A.        Factors regarding Permissive Abstention and Equitable Remand**

As this Court stated in <u>Rachmale v. Conese</u>, 515 B.R. 567, 572 (Bankr. E.D. Mich. 2014),

> "While the grounds relevant to equitable remand do not align perfectly with those for permissive abstention, "[t]he analysis under § 1334(c)(1) is largely the same as under § 1452(b)." <u>In re National Century Fin. Enters., Inc. Inv. Litig.</u>, 323 F.Supp.2d 861, 885 (S.D.Ohio 2004); see also <u>Mann v. Waste Management of Ohio, Inc.</u>, 253 B.R. 211,

---

746, 751 (Bankr. E.D. Mich. 2006)(J. Shefferly, denied abstention, "A significant factor, in the Court's view, is the fact that Ajemian included a count under § 523(a)(15) in her counter-complaint. The bankruptcy court has exclusive jurisdiction over such actions. Abstention by the Court over the § 523(a)(5) claim would necessarily bifurcate the determination of dischargeability between state court and bankruptcy court.").

215 (N.D.Ohio 2000) ("Permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical."). As such, the presence of factors supporting remand of the lawsuit to state court pursuant to 1452(b) also provide ample equitable grounds for discretionary abstention pursuant to 1334(c)(1)."

This Court then went on to delineate the specific factors it held relevant:

"Section 1452(b) allows the Court to remand "on any equitable ground." 28 U.S.C. § 1452(b) (emphasis added). Courts have established a number of considerations relevant to this determination:(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) the state's ability to handle a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was originally pending[.] Courts look to a number of similar factors in determining whether permissive abstention under § 1334(c)(1) is appropriate:(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues:(3) the difficulty or unsettled nature of the applicable law;(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334.;(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;(7) the substance rather than the form of an asserted core proceeding;(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;(9) the burden of the bankruptcy court's docket;(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;(11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties."

**B.      Application of Law to Facts**

As will be indicated below, the great weight of the factors favors this Court retaining jurisdiction over the Carter and Boyd Removed Lawsuits.

**(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;**

The Carter and Boyd Removed Lawsuits are reflected (or were intended to be reflected) in the proofs of claim filed by Plaintiffs Carter and Boyd. There is a very real possibility of inconsistent determinations if the Carter and Boyd Removed Lawsuits are

remanded to Macomb County Circuit Court and the Bankruptcy Court nondischargeability/discharge issues are determined in the Bankruptcy Court. Because there is exclusive jurisdiction in the Bankruptcy Court for the nondischargeability/discharge issues, those claims can't be determined in Macomb County Circuit Court. However, the claims allowance issues from the Carter and Boyd Removed Lawsuits as embodied in the filed proofs of claim can, and historically are, determined by the Bankruptcy Court.

If this Court chooses to abstain, it will lead to a very inefficient situation. As a practical matter, it would be more prudent to have all of the litigation resolved in one Court, as opposed to multiple Courts. This is especially true in the instant case. There are two different Macomb County Circuit Court judges hearing the <u>Carter</u> and the <u>Boyd</u> Lawsuits, which increases the likelihood of inconsistent results. In fact, that has already happened in Macomb County Circuit Court where the 2 different judges have taken diametrically opposite results on the only matters ruled on, the motions for summary disposition filed by Bell/Construction Contractors and by the pool distributor, Explore Industries.

In any event, the 2 different state court judges do not have subject matter jurisdiction to determine the anticipated nondischargeability issues, only this Court does. Accordingly, the only 1 Court that has the power to determine all issues in the Carter and Boyd Removed Lawsuits is this Court.[5] Attached to this Objection is an unpublished

---

[5] See e.g. <u>Associated Builders and Contractors of Utah, Inc. v. United Bank et al, (In re Lindsay)</u>, Case No. 88-04234 (Bankr. D. Utah December 15, 1989)(attached), report and recommendation approved at 2:89-mc-00333-DS (D. Utah 2/05/1990)("An element of judicial economy is inherent in the consideration of whether a matter can be timely adjudicated. Associated's claims for relief against United, and United's counterclaim against Associated hinge on the conduct of the Debtor and each party's rights and responsibilities arising as a result of such conduct. One court should hear the facts and apply the facts to the law. There is no economy in having two courts hear the same facts,

Bankruptcy Court decision from Utah.  In the <u>In re Lindsay</u> case, the Bankruptcy Court

weighed whether keeping the removed case before him  was more efficient than having

multiple courts address the claims resolution and the dischargeability determinations.

Abstention was denied due to the efficiency of resolving all issues in one Court.[6]

---

and then apply those facts to different claims for relief in two separate trials. While the
state court could hear the state created claims for relief, the nondischargeability claim
can only be heard by this court. Therefore, the most economical use of both the court's, as
well as the parties' time, is to have only one trial, to have that trial as soon as the parties
are prepared, and to adjudicate all issues at one time. Abstention will not serve this
end.").

[6] See also  <u>In re Andrus</u>, 338 B.R. 746, 751 (Bankr. E.D. Mich. 2006)**[**J. Shefferly, "A
significant factor, in the Court's view, is the fact that Ajemian included a count under §
523(a)(15) in her counter-complaint. The bankruptcy court has exclusive jurisdiction over
such actions. Abstention by the Court over the § 523(a)(5) claim would necessarily
bifurcate the determination of dischargeability between state court and bankruptcy
court.  After reviewing the factors for permissive abstention, the Court finds that there
are not enough factors present in this case to lead the Court to conclude that it is in the
best interest of justice or in the interest of comity with state courts that this Court
abstain from hearing this adversary proceeding. The Court accordingly denies Ajemian's
motion for abstention."); <u>Walz v. Smith (In re Smith)</u>, Case No. 17-56312-WLH (Bankr.
N.D. Ga. Jun. 4, 2019)("These factors weigh against abstention here. First, state law
issues do not predominate the bankruptcy issues in this matter. This Court has exclusive
jurisdiction over the dischargeability issues in this proceeding. Moreover, this Court has
subject matter jurisdiction in this proceeding to determine Defendant's liability to the
plaintiff, liquidate any debt owed by the defendant to the plaintiff, and enter a money
judgment against the defendant. …<u>.</u> In an action brought under 11 U.S.C. § 523, an
element of the plaintiff's prima facie case is proving the existence of a debt. …A court
must make a determination of what specific debt is or is not dischargeable. <u>Id.</u> It is not
surprising that under section 523 bankruptcy courts have subject matter jurisdiction to
liquidate underlying claims and must often do so to make a ruling on the section 523
claim. <u>See id.</u> Further, this is a "core proceeding" arising under title 11, 28 U.S.C. §§
157(b)(2)(I) & (J), and closely relates to Defendant's pending bankruptcy case.  The
presence of related proceedings in the DeKalb County Superior Court also does not weigh
heavily in favor of abstention. The issue of the liability and amount of debt owed by
Defendant was previously before the DeKalb Superior Court. A motion for summary
judgment was pending when Defendant filed for bankruptcy relief. However, no
judgment was entered against Defendant, and it is not clear whether the parties had
fully briefed the issues; if additional briefing is needed, it will undoubtedly increase time
and expense. Thus, the presence of related proceedings does not weigh strongly in favor
of abstention.  Finally, abstention will not prejudice any party; if anything, this case can
be managed more efficiently in this Court. Trial courts have an "unquestionable

**(2) the extent to which state law issues predominate over bankruptcy issues:**

While state law issues are raised in the Carter and Boyd Removed Lawsuits, this Court determines claims regularly and none of the state law issues is particularly complex. The claims resolution process and determinations of what constitutes property of the bankruptcy estate are all matters at the "core" of bankruptcy Court jurisdiction, and each rely upon this Court applying nonbankruptcy law to determine the relative rights of the parties as if no bankruptcy had been filed.[7]  See e.g. Butner v United States, 440 U.S. 48 (1979).  Moreover, this Court has adjudicated contractor cases regularly over the years. Moreover, there are no considerations of salient state interests that are implicated in the Carter and Boyd Removed Lawsuits.  Courts have consistently held that when there is no salient state interest or novel law to be considered, this factor weighs in favor of the

---

authority to control their own dockets," including "broad discretion in deciding how best to manage the cases before them." Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (citations omitted). This discretion "should be exercised 'so as to achieve the orderly and expeditious disposition of cases.'" Id. (citation omitted). …Resolving all Plaintiff's claims in this Court can be done in an efficient and expeditious manner. For these reasons, the Court declines to exercise its discretion to abstain from hearing this adversary proceeding.").

[7] See also CAMOFI Master LDC v. U.S. Coal Corp., 527 B.R. 138, 145-46 (Bankr. S.D.N.Y. 2015) ("(B) *The Extent to Which Issues of State Law Predominate* As it is undisputed that issues of state law predominate for the claims in question, the second factor weighs in favor of the CAM Entities. However, this is a "modest factor," as bankruptcy judges "address matters of state law on a regular basis." In re Adelphia Commc'ns. Corp., 285 B.R. at 145. ECM correctly observes that "[a]lthough the CAM Funds' claims against ECM arise under state law, this suit does not raise specialized areas of the law that are not regularly addressed in the federal courts, and there is no material difference in the ability of the state and federal courts to decide these issues." ECM's Opp'n at 20 (citing In re Adelphia Commc'ns. Corp., 285 B.R. at 146 ). In Adelphia, the court found no material difference in the ability of the state and federal courts to decide issues of contract law, in contrast to "matters involving family law, probate law, condemnation law, [and] other specialized areas of law not regularly addressed in the federal courts." In re Adelphia Commc'ns. Corp., 285 B.R. at 146. The contract and tort claims at issue here are the type routinely addressed by federal courts. See id.")

bankruptcy court's interest in administering the bankruptcy.[8]

## (3) the difficulty or unsettled nature of the applicable law;

There is nothing complex pled in the Clark and Boyd Removed Lawsuits, they raise traditional contract and tort issues that this Court addresses routinely in the claims allowance process. There is nothing novel, difficult, nor unsettled regarding the claims raised in the Clark and Boyd Removed Lawsuits, which militates in favor of this Court retaining jurisdiction. See e.g. CAMOFI Master LDC v. U.S. Coal Corp., 527 B.R. 138,

---

[8] See e.g., Matter of Brown, 56 B.R. 954, 956-57 (Bankr. E.D. Mich. 1986)("*It Would Be Improper for the Court to Abstain from Decision;* Defendant prompts this Court to invoke the doctrine of discretionary abstention in the instant case pursuant to 28 U.S.C. § 1334(c)(1). Specifically, we are asked to employ the abstention rule enunciated in Buford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Buford abstention is applied when the "exercise of federal review of the question in [the] case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantive public concern." See Ada-Cascade Watch Co. v. Cascade Resources Recovery Inc., 720 F.2d 897 (6th Cir. 1983) at 903. As stated above, the dischargeability of the debt is not within the jurisdiction of the state court. The Wayne County Circuit Court is limited to a determination of whether there was actually a debt owed. The bankruptcy court's adjudication of an issue that falls within its congressional grant of jurisdiction is not disruptive of state policy on that question, as the issue itself is of a federal concern. Federal adjudication of the instant case does not infringe upon any state policy. The state has no overriding interest in a matter of traditional federal concern.''). Deutsche Oel & Gas S.A. v. Energy Capital Partners Mezzanine Opportunities Fund A, LP, No. 19-CV-11058 (RA), 2020 WL 5814233, at *12 (S.D.N.Y. Sept. 30, 2020) (When "state law claims are not novel or complex … [it] 'significantly undercuts the degree to which the state law factor weighs in favor of remand to [the] New York courts'") (quoting Renaissance Cosmetics, Inc. v. Dev. Specialists Inc., 277 B.R. 5, 17 (S.D.N.Y. 2002); see also Winstar Holdings, LLC v. Blackstone Grp. L.P., No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007) ("There is little basis to invoke comity to the state courts here, and every reason to invoke the federal jurisdiction. Although plaintiffs' claims are based on state law, the state law claims are straightforward common-law claims that do not involve arcane or idiosyncratic provisions of New York law"); In re Tronox, 603 B.R. at 727 ("While Pennsylvania law might provide Waleski with a cause of action, he points to no complex or unsettled area of Pennsylvania law that would counsel in favor of remand, nor does he imply that this Court is somehow hamstrung from applying whatever points of Pennsylvania law might be relevant."); In re Lebenthal Holdings at *5 ("While state law issues predominate, the contract law issues are not difficult or unsettled, and are the type of issues that this Court regularly adjudicates").

145-46 (Bankr. S.D.N.Y. 2015) ("... ECM correctly observes that "[a]lthough the CAM Funds' claims against ECM arise under state law, this suit does not raise specialized areas of the law that are not regularly addressed in the federal courts, and there is no material difference in the ability of the state and federal courts to decide these issues." ECM's Opp'n at 20 (citing In re Adelphia Commc'ns. Corp., 285 B.R. at 146 ). In Adelphia, the court found no material difference in the ability of the state and federal courts to decide issues of contract law, in contrast to "matters involving family law, probate law, condemnation law, [and] other specialized areas of law not regularly addressed in the federal courts." In re Adelphia Commc'ns. Corp., 285 B.R. at 146. The contract and tort claims at issue here are the type routinely addressed by federal courts. See id.")

**(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;**

The only related proceeding is the removed Carter and Boyd Removed Lawsuit. The presence of a case that was removed presumably is not what this factor is attempting to evaluate as there will always be a removed case by definition for the Court to determine whether to equitably remand or permissively abstain from hearing the removed case. Presumably, this relates to non-removed related proceedings, of which there are none in this case. By denying the Motions, this Court can keep two intrinsically linked cases in the same venue, and avoid any chance of duplicative or expensive motion practice based on multiple forums deciding the cases.

**(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;**

In addition to 28 U.S.C. section 1334 providing a jurisdictional basis for subject matter jurisdiction, it should be noted that Carter and Boyd have filed proofs of claim and

thus have consented to this Court's jurisdiction to enter final orders to the extent that was

needed. By filing proofs of claim, Carter and Boyd submitted themselves to the jurisdiction

of the bankruptcy court and consented to the court's resolution of the claim and related

counterclaims See e.g. <u>Langenkamp v. Culp</u>, 498 U.S. 42, 44 (1990); <u>Granfinanciera, S.A. v.

Nordberg</u>, 492 U.S. 33 (1989)); <u>Wellness Int'l Network, Ltd. v. Sharif</u>, 575 U.S. 665 (2015).


**(6) the degree of relatedness or remoteness of the proceeding to the main
bankruptcy case;**

The Carter and Boyd Removed Lawsuits are inextricably intertwined with the main

bankruptcy case. The only relationship between the parties is reflected in the state court

complaints, and the filed proofs of claim which reference the fraud claims regarding

installation of a swimming pool for each Plaintiff [note as indicated infra that the Carter

"proof of claim" fails to attach the proof of claim form but instead attached paperwork

regarding a different case].


**(7) the substance rather than the form of an asserted core proceeding;**

The Carter and Boyd Removed Lawsuits are in the form of claims against the Debtor,

and against non-debtor parties with a business or familiar relationship to Debtor or his

former company that is now a chapter 7 debtor. There is no other business relationship

between Plaintiffs and the various defendants other than the subject matter of the Carter

and Boyd Removed Lawsuits and the proofs of claim. Because Carter and Boyd have

alleged fraud, it appears that they will assert nondischargeability claims as well, for which

this Court has exclusive jurisdiction.

**(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;**

In light of the proofs of claim filed by Carter and Boyd, the "state law claims" form a part of the core bankruptcy matters. If Carter and Boyd timely file nondischargeability claims to determine whether the claims they are seeking to liquidate are nondischargeable, severing the state law claims will be incredibly inefficient, and may lead to inconsistent results.[9]

---

[9] See e.g. <u>Associated Builders and Contractors of Utah, Inc. v United Bank et al, (In re Lindsay)</u>, Case No. 88-04234 (Bankr. D. Utah December 15, 1989)(attached), report and recommendation approved at 2:89-mc-00333-DS (D. Utah 2/05/1990)("Second, adjudication of whether the Debtor acted with or without authority in pledging Associated's assets establishes the factual basis of United's nondischargeability action against the Debtor as well as the alleged liability of United. Those factual issues are so intertwined with Associated's claim against United that they cannot properly be severed from the main action....As set forth by the court in <u>Carr v Michigan Real Estate Insurance Trust, (In re Michigan Real Estate Insurance Trust)</u>, 87 B.R. 447, 454-455 (E.D. Mich. 1988), "[a]s the parties' only relationship with one another radiates from the debtor, the actions of the debtor are central in the determination of this cause of action. The negligence and misrepresentation theories also allege actions and omissions which arise from the parties' interrelationships with the debtor" Further, at p, 463, the court noted, "since there are some clearly bankruptcy (i.e.: federal) causes of action included within the lawsuit, which arise from a common nucleus of operative fact with the non-federal causes of action, it could and ought to exert pendent jurisdiction …. over the remaining non-federal counts." See also <u>Salem Mortg. Co.</u>, 783 F.2d 626 (6th Cir. 1986). A state court adjudication of the factual issues regarding the Debtor's conduct may result in issue preclusion as to elements of the nondischargeability action. Resolution of those issues are related to the bankruptcy case because they impact not only on the claims of this estate, but also fresh start of the Debtor….The matter is further complicated by the amended counterclaim which pleads a nondischargeability claim against the Debtor. Equity would not be served by remanding the original action to state court, waiting until it is adjudicated and United's claim against the Debtor is liquidated, and then requiring United to return to this court to litigate its dischargeability action upon the same facts. Two courts may interpret the facts differently. The Debtor would be forced to have her conduct examined twice. The dischargeability action would sit dormant in this court until the claim ripened in state court. Then, if the dischargeability action was dismissed as failing to state a claim, the bar date might preclude relief to United. On equitable grounds, the case should not be severed and Associated's motion to remand should be

The record of the Carter and Boyd Removed Lawsuits demonstrates that the Macomb County Circuit Court is not the appropriate forum because in the months following filing of the complaints, little if anything material has transpired as indicated previously. There has been no discovery, no trial date set, no initial disclosures, etc. The only matters adjudicated were either denials of motions for summary disposition filed in lieu of an answer, or the granting of a motion for summary disposition which was filed in lieu of an answer.

**(9) the burden of the bankruptcy court's docket;**

Debtor is aware of no facts that would lead one to believe that this Court's docket, though busy, is not so overloaded that it can't competently adjudicate this matter. As there is exclusive jurisdiction over nondischargeability issues, in any event this Court will have to adjudicate those issues. It seems that the issue is what happens to the rest of the litigation. Debtor believes that having one forum to resolve the matters will facilitate a potential consensual resolution of the parties' disputes, and if not, will decrease the costs in resolving the various claims.

**(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;**

Debtor filed his chapter 13 bankruptcy because he couldn't pay all of his ongoing obligations and he needed a fresh start after his company's chapter 11 bankruptcy was converted. Debtor filed his chapter 13 bankruptcy on February 29, 2024, which was approximately 2 weeks after Exigent's bankruptcy was converted on February 12, 2024 due to, inter alia, a lack of cash flow to be able to fund necessary chapter 11 payments. The

denied.").

bankruptcy was not filed because of dissatisfaction with the Macomb County Circuit Court decisions, there were none that affected Debtor or his wife who was also sued. That being said, once the bankruptcy was filed, and Carter and Boyd filed proofs of claim, and likely will file nondischargeability actions to determine if their claims are nondischargeable, it became clear that having one judge to decide all of the issues, as opposed to 3, makes a lot more sense for consistency and efficiency.

**(11) the existence of a right to a jury trial; and**

Plaintiffs Boyd and Carter have requested a jury trial in their state Court complaints. In this District, Bankruptcy Judges may try jury trials with the consent of the parties which may be imputed by a lack of objection.

Though Carter and Boyd requested jury trials, they have consented to the Bankruptcy Court holding such a jury trial. Pursuant to LBR 9015 (Bankr. E.D. MI)

> "(b) **In an Adversary Proceeding Removed from State Court in Which a Jury Trial Demand Was Timely Filed.** In an adversary proceeding removed from state court in which a jury trial demand was timely filed, the jury demand need not be re-filed in this court to be effective. A party will be deemed to have consented to the bankruptcy judge conducting the jury trial unless, within 28 days after the removal, the party files a statement indicating that it does not consent to the bankruptcy judge conducting the jury trial."

A review of the docket in Boyd and in Carter indicates that no parties filed any papers to object to this Court holding a jury trial in the Carter and Boyd Removed Lawsuits. Bankruptcy Courts are authorized to hold jury trials with no objection. Carter and Boyd have also filed proofs of claim, submitting themselves to this Court's jurisdiction, and there is nothing exceptional or novel about the legal and factual claims in the Carter and Boyd Removed Lawsuits.

**(12) the presence in the proceeding of non-debtor parties."**

While there are non-debtor Plaintiffs and Defendants, the reality is that the defendants all had a pre-existing relationship with Debtor, and not with Plaintiffs. Debtor was the main actor in the lawsuit. Defendant Pisarski is Debtor's spouse, Defendant Kody Grandchampt is Exigent's former employee, Explore Industries was the distributor of the pool that Exigent had contracted to install in Plaintiffs' homes. Exigent and Debtor are primary to the disputes that led to the filing of the Carter and Boyd Removed Lawsuits, and the presence of non-debtor parties should not lead this Court to take the extraordinary step of abstaining from exercising jurisdiction over the litigation.[10]

## IX.    Conclusion

While there are clearly state law claims that need to be resolved, that will be the case in every motion to remand case; by definition, the removed lawsuit will have been filed in a nonbankruptcy Court, asserting nonbankruptcy claims. There is nothing extraordinary about the claims being asserted in the Carter and Boyd Removed Lawsuits, they are based on contract, fraud and tort.

That being said, the issues are obviously important to the litigants, and will need to be addressed somewhere. Due to the chapter 13 bankruptcy filing by Debtor, this Court became the most efficient forum for where the issues should be resolved. Absent something

---

[10] See e.g. Hassell Constr. Co. v. Hassell (In re Hassell), Case No. 19-30694, 8-9 (Bankr. S.D. Tex. Jan. 7, 2020) ("Factor 12, the presence of non-debtor parties, favors retention because, besides the Hassell siblings' claims against RHP and Terry Tauriello, each claim is asserted by or against the Debtor and his wife. RHP is a business entity controlled by the Debtor and its inclusion in this adversary proceeding will not cause the Court to decide claims that are unrelated to the Debtor's bankruptcy. Tauriello's involvement in these matters is entirely unclear, and he has not yet been served with process.")

extraordinary, Carter and Boyd will file nondischargeability claims against Debtor, for which this Court will have exclusive jurisdiction to adjudicate. There are 2 choices going forward. One choice is to have either 2 or 3 different judges adjudicating the issues raised by Carter and Boyd (2 in Macomb County Circuit Court and this Court for the nondischargeability issues), or 1 judge in one location addressing all of the issues consistently and efficiently. This Court is the only Court which has the ability to resolve all of the issues, and the filing of the proofs of claim, the lack of an objection to this Court holding a jury trial, and all of the other relevant circumstances, provides this Court with the basis to retain jurisdiction over the Carter and Boyd Removed Lawsuits. Debtor believes that having all of the matters handled here, as opposed to piecemeal, is the proper way to go.

**WHEREFORE**, this Court should deny the Motions to Remand and for Abstention, and grant Debtor such further relief as this Court deems just.

Respectfully submitted,

/s/ Robert N. Bassel
Robert N Bassel (P48420)
P O Box T
Attorney for Defendant Heitmann
Clinton, MI 49236-0000
248/677 1234
bbassel@gmail.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In the Matter of:

      Brandon Heitmann               Case No. 24-41956
                                      Chapter 13
      Debtor                     Hon. Mark Randon

_____/

ALEX BOYD and REBECCA BOYD        Adv. No. 24-04125-mar
                                  Hon. Mark Randon

        Plaintiffs,

                                 State Court Case No. 23-003864-CZ

vs.

BRANDON HEITMANN,AMANDA PISARSKI, KODY
GRANDCHAMP, HENRY GIRARD BELL,
CONSTRUCTION CONTRACTORS, LLC, and
EXPLORE INDUSTRIES USA, INC.,

        Defendants,

_____/

## PROOF OF SERVICE

      On 8.8.2024, I served a copy of debtor's objection to motion to remand and for abstention upon counsel of record via the ECF noticing system.

/s/ Robert N. Bassel
Robert N Bassel (P48420)
P O Box T
Attorney for Defendant Heitmann
Clinton, MI 49236-0000
248/677 1234
bbassel@gmail.com

294

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH -- CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 1 5 1989

MARKUS B. ZIMMER, CLERK
BY _____
               DEPUTY CLERK

| | |
|---|---|
| In re: | Bankruptcy Number 89B-04234 |
| SHANNON LINDSAY, | |
| Debtor. | [Chapter 7] |

**89  M  333S**

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS OF UTAH, INC., a Utah Corporation, | |
| Plaintiff, vs. | |
| UNITED BANK, a Utah corporation, | |
| Defendant. | Adversary Proceeding Number 89PB-0550 |
| UNITED BANK, a Utah banking corporation, | (Civil No. 880907217CV Removed to Bankruptcy Court) |
| Third-Party Plaintiff, vs. | |
| SHANNON LINDSAY and LYNNE LINDSAY, a/k/a ANNA LINDSAY, | |
| Third-Party Defendants. | |

## REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION FOR REMAND OR, IN THE ALTERNATIVE, MANDATORY ABSTENTION

J. Bruce Reading, Esq., Scalley & Reading, of Salt Lake City, Utah, appeared on behalf of Associated Builders and Contractors of Utah, plaintiff.

Michael A. Katz, Esq., Burbidge & Mitchell, of Salt Lake City, Utah, appeared on behalf of United Bank, defendant and third-party plaintiff.

D. Kendall Perkins, Esq., of Salt Lake City, Utah, on the pleading, represented Shannon Lindsay, debtor and third party defendant, and Lynne Lindsay, third party defendant.

The issues in this case arise from the removal to this court of a state court action brought by Associated Builders and Contractors of Utah, Inc., (Associated) against United Bank (United). The removed action includes a third party action by United against Shannon Lindsay, the debtor in this case and against Lynne Lindsay. Associated now seeks to sever the original portion of the case and to remand it to state court or, in the alternative, for mandatory abstention.

28 U.S.C. § 1452(b) provides that an order remanding a claim, or a decision not to remand, is not reviewable by appeal or otherwise. To provide consistency with the premise that such a determination should be made by an Article III judge and pursuant to Bankruptcy Rule 9027(e), the bankruptcy court submits this report and recommendation to the district court. *Paxton Nat'l Ins. Co. v. British Am. Assoc. (In re Pacor, Inc.)*, 72 B.R. 927, 932 (Bankr. E.D. Pa. 1987). For the reasons set forth below, this court

*...: Page 2 :...*

respectfully recommends the motion of Associated for remand or alternatively for abstention be denied.

# **<u>REPORT</u>**

## **STATUS OF THE CASE**

United issued certain Visa credit cards to Shannon Lindsay (Debtor) and to Lynne Lindsay (a/k/a Anna Lindsay). At the time of issuance, the Debtor was Associated's executive director, though not an officer or director. Upon the alleged representation of the Debtor that the credit cards were for the benefit of Associated, United collateralized the cards with a certificate of deposit belonging to Associated which was on deposit with United. Associated asserts that the pledge of its property was unauthorized. The Lindsays' Visa liability was not paid and a certificate of deposit in the approximate amount of $9,500 was used by United to offset the liability. Associated attempted to withdraw the balance of its funds from United and was informed that United required $15,000 to remain on deposit as collateral to secure any residual debt owed as a result of the Lindsays' use of the Visa credit cards.

An action was commenced in state court by Associated against United pleading that United negligently relied upon the representations of a non-officer and non-

*...: Page 3 :...*

director to collateralize the personal debt of the Lindsays with funds owned by Associated. Associated further pled that United breached both a fiduciary duty to safeguard the deposits of Associated, as well as its contractual duty to manage and safeguard Associated's funds. The final claim for relief asserted United breached an obligation of good faith and fair dealing in failing to supply certain documents related to the transactions to Associated.

United answered and affirmatively defended on the basis of laches, waiver, estoppel and ratification. United also counterclaimed against Associated alleging non-payment of the cards in the approximate amount of $10,105.23. United apparently filed a third-party complaint against the Debtor and Lynne Lindsay, a/k/a Anna Lindsay. If Associated was found by the state court not to be liable for the full amount, then United alleged it was entitled to recover from the third-party defendants any sums owing by United to Associated.

The Debtor then sought relief in this court by filing a chapter 7 petition. United timely filed a Notice of Removal pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 and posted the applicable bond. United next amended its third-party complaint in this court, pleading that any claim of United against the Debtor was incurred through false pretenses, false representations and the actual fraud of the Debtor and that the claim was not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The third-party defendants answered, denied making any representations to United and asserted the cards were issued at the insistence of Associated and used for its benefit.

*...: Page 4 :...*

Associated now moves this court pursuant to 28 U.S.C. § 1452(b) to remand the original action to state court. To do so would require the court to sever the original action from the third-party complaint pursuant to Bankruptcy Rule 7014(a). If the court declines to sever and remand, Associated asserts the court is required by 28 U.S.C. § 1334(c)(2) to abstain from hearing the matter. United objects and the third-party defendants have not responded to the motion nor appeared to argue.

## DISCUSSION

### A. Remand

28 U.S.C. § 1452[1] provides the mechanism for transferring a claim related to a bankruptcy case from a court in which it may be pending upon filing of a bankruptcy case. The claim is transferred to the district court which has jurisdiction over such claim or cause of action under section 1334 of title 28. Section 1334 indicates the district court

---

[1]    § 1452. Removal of claims related to bankruptcy cases.

(a)    A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b)    The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

*...: Page 5 :...*

shall have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. The matter is then referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a).

### 1. Propriety of Removal

The court must determine if the removal of this action from state court was appropriate. The test is whether the action as removed arises under title 11, or arises in, or is related to a case under title 11, thus giving the court jurisdiction. Associated argues that the original action between Associated and United does not arise under title 11. It further argues that the action is not related to a case under title 11. Though not specifically plead, Associated's argument requires this court to sever the third-party action and consider only the original portion of the action in determining if removal was proper. The court is compelled, however, to look at the total matter as removed. To do less would deny United the rights afforded it in its third party action and would artificially structure the action.[2]

---

[2]     Associated relies upon *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984) (decided under pre-Bankruptcy Amendments Act authority) in support of its position that an action can be bifurcated with the third-party action including the debtor being retained by the bankruptcy court, while the non-debtor action is remanded to state court. In *Pacor*, Higgins sought damages allegedly caused by his work-related exposure to asbestos, which was supplied by Pacor. Pacor filed a third-party complaint impleading the Johns-Manville Corporation which was the original manufacturer of the asbestos. The original action was brought in the Pennsylvania Court of Common Pleas. After Johns-Manville filed a chapter 11 petition in the Southern District of New York, the Court of Common Pleas severed the third-party action. Pacor filed a Petition for Removal in the Eastern District of Pennsylvania seeking to remove the entire controversy to bankruptcy court and to transfer venue to the Southern District of New York.

      It must be noted that the Third Circuit relied upon 28 U.S.C. § 1478, now superceded by 28 U.S.C. § 1452, 28 U.S.C. § 157 and the emerging series of cases interpreting core versus non-core matters. A close reading of *Pacor* indicates the proceeding had already been severed by the state court prior to removal. Such is not the case before this court. Unlike *Pacor*, the matter removed involves not only

(continued...)

...: Page 6 :...

The initial analysis is whether the action removed was a core matter. To determine if a matter is core, the court need only ask itself whether or not the proceeding in question could have been brought absent a case under the Bankruptcy Code. If not, and if the action could have been brought in either state or federal district court, the action is merely a related proceeding. *St. George Island, Ltd. v. Pelham*, 104 B.R. 429, 430 (Bankr. N.D. Fla. 1989); *Ziglin v. Peterson (In re Peterson)*, 104 B.R. 94 (Bankr. E.D. Wis. 1989). This court may hear non-core proceedings that are related to a bankruptcy case and, unless the parties have consented to entry of a final order by this court, may make recommended findings to the district court for a final order.

As applied to this removed case, neither the original action nor the third-party action deal with substantive rights created by the Bankruptcy Code. It is an action originally brought in state court with state law claims for relief and is not a core matter.

However, in this court's view, the matter removed is related to the bankruptcy case. First, the action in its totality seeks to establish liability for a debt arising from the Debtor's alleged unauthorized pledge of Associated's property. Therefore, United has a contingent, unliquidated claim against the Debtor.[3] Establishing such liability against the Debtor is an action which is related to this case. A determination of the

---

[2](...continued)
liquidation of a claim against the estate, but a determination of the same facts which would give rise to a nondischargeable obligation.

[3]     A claim is defined by 11 U.S.C. 101(4) as the right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

...: Page 7 :...

liability between Associated and United may not establish the debt owed by the Debtor, but such a determination will serve to ripen the claim in this bankruptcy, therefore having a direct effect on the estate.

Second, adjudication of whether the Debtor acted with or without authority in pledging Associated's assets establishes the factual basis of United's nondischargeability action against the Debtor as well as the alleged liability of United. Those factual issues are so intertwined with Associated's claim against United that they cannot properly be severed from the main action. As set forth by the court in *Carr v. Michigan Real Estate Ins. Trust (In re Michigan Real Estate Insurance Trust)*, 87 B.R. 447, 454-455 (E.D. Mich. 1988), "[a]s the parties' only relationship with one another radiates from the debtor, the actions of the debtor are central in the determination of this cause of action. The negligence and misrepresentation theories also allege actions and omissions which arise from the parties' interrelationship with the debtor." Further, at p. 463, the court noted "since there are some clearly bankruptcy (i.e.: federal) causes of action included within the lawsuit, which arise from a common nucleus of operative fact with the non-federal causes of action, it could and ought to exert pendent jurisdiction . . . over the remaining non-federal counts." *See also Salem Mortg. Co.*, 783 F.2d 626 (6th Cir. 1986).

A state court adjudication of the factual issues regarding the Debtor's conduct may result in issue preclusion as to elements of the nondischargeability action. Resolution of those issues are related to the bankruptcy case because they impact not only

on the claims of this estate, but also upon the nondischargeability of the claim and the fresh start of the Debtor.

### 2. *Determination of Remand*

A decision to remand requires the court to conclude that severance of the action pursuant to Bankruptcy Rule 7014(a) is appropriate. Whether this court should sever the actions is a matter within the court's discretion. *Easton v. City of Boulder Colo.*, 776 F.2d 1441 (10th Cir. 1985). This court must balance the convenience and economy to be gained by conducting a single trial against any prejudice to the parties. This issue may be viewed in conjunction with Associated's argument setting forth the equitable grounds for remand allowed in 28 U.S.C. § 1452(b).

Associated asserts it is more convenient to proceed in state court and that the state court is better able to deal with actions of this nature than this court. It further asserts that this court cannot enter a final order in this non-core matter therefore requiring de novo review of the case in the event of any objections to the report and recommendation. The first two grounds are not well taken. This court is only three blocks from the state court. Convenience should not be a factor. Associated admitted at oral argument that this court is competent to hear issues of this nature.

Regarding the objection that the right to have a trial de novo would somehow prejudice Associated, any objections pursuant to 28 U.S.C. 157(c) must be made in good faith and relate only to matters to which a specific objection is made. Bankruptcy Rule 9033(d). A complete new trial is not required. The district court has great flexibility

*...: Page 9 :...*

in reviewing transcripts, motions, or other data relating to specific factual issues and need not conduct a new hearing if sufficient evidence is contained in the record for the court's review. *Specialty Retail Concepts, Inc. v. RSB, Inc. and Sandra Burch (In re Specialty Retail Concepts, Inc.)*, ____ B.R. ____ 1989 WL 141358 (W.D. N.C. 1989). Since Associated does not know whether it will have cause to object to the report and recommendation of the bankruptcy court, that argument should not be controlling. Associated's assumption that the entire case must be retried de novo by the district court is incorrect.

The matter is further complicated by the amended counterclaim which pleads a nondischargeability claim against the Debtor. Equity would not be served by remanding the original action to state court, waiting until it is adjudicated and United's claim against the Debtor is liquidated, and then requiring United to return to this court to litigate its dischargeability action upon the same facts. Two courts may interpret the facts differently. The Debtor would be forced to have her conduct examined twice. The dischargeability action would sit dormant in this court until the claim ripened in state court. Then, if the dischargeability action was dismissed as failing to state a claim, the bar date might preclude relief to United. On equitable grounds, the case should not be severed and Associated's motion to remand should be denied.

## B. Mandatory Abstention

Associated next argues that the facts of this case compel this court to abstain from hearing the case. Since the court declines to sever, the action must be reviewed in

...: *Page 10* :...

its totality. The argument can be made that 28 U.S.C. § 1334(c)(2) is not applicable. Section 1452(b) states that the only basis for remand is upon equitable grounds. As set forth in *General Am. Corp. v. Merrill Lynch Commodities, Inc., (In re Ross)*, 64 B.R. 829, 834 (Bankr. S.D. N.Y. 1986)

> [H]ad Congress wanted the court to look to 28 U.S.C. § 1334(c)(1) or (2) in determining whether a removed action should be remanded to the court from which it came Congress would have so stated in 28 U.S.C. § 1452(b). An express reference to § 1334 was added in § 1452(a), yet none was added to § 1452(b).

If it is appropriate for the court to consider mandatory abstention under the circumstances, a review of the statute indicates it is inapplicable in this case. 28 U.S.C. § 1334(c)(2) sets forth the conditions for mandatory abstention which should be applied to this case.[4] This motion is timely made by Associated as required by the statute. The discussion above has established that the liquidation of the contingent claim of United against this Debtor and a determination of the factual circumstances of the Debtor's

---

[4]    28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property if the estate in bankruptcy.

*...: Page 11 :...*

actions are matters related to a case under title 11. Apparently there is no independent jurisdictional basis for the removed action in the district court because there is no diversity and no federal question is present. However, as the action is now structured, the counterclaim as amended states a nondischargeability action. Such a claim is clearly inappropriate for the state court to consider. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed. 2d 767 (1979).

The final issue is whether the matter can be timely adjudicated in the state court. The parties dispute whether they are ready for trial. Associated indicates its case would take approximately two hours and could be tried forthwith. United indicates its case would not take much longer, but that it is not ready for trial and that additional discovery remains to be done. Neither party indicated the scheduling currently available in state court. This court's calendar is not so committed that a one-day trial within the next two or three months is unreasonable if the parties are prepared.

An element of judicial economy is inherent in the consideration of whether a matter can be timely adjudicated. Associated's claims for relief against United, and United's counterclaim against Associated hinge on the conduct of the Debtor and each party's rights and responsibilities arising as a result of such conduct. One court should hear the facts and apply the facts to the law. There is no economy in having two courts hear the same facts, and then apply those facts to different claims for relief in two separate trials. While the state court could hear the state created claims for relief, the nondischargeability claim can only be heard by this court. Therefore, the most economical

*...: Page 12 :...*

use of both the court's, as well as the parties' time, is to have only one trial, to have that trial as soon as the parties are prepared, and to adjudicate all issues at one time. Abstention will not serve this end.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the bankruptcy court that the district court deny Associated's motion for remand and the alternative request for mandatory abstention.

**RESPECTFULLY SUBMITTED** this _15th_ day of December, 1989.

JUDITH A. BOULDEN
United States Bankruptcy Judge


# Hassell Constr. Co. v. Hassell (In re Hassell)

Decided Jan 7, 2020

CASE NO: 19-30694 ADVERSARY NO. 19-03452 ADVERSARY NO. 19-03453

01-07-2020

IN RE: ROYCE J HASSELL Debtor HASSELL CONSTRUCTION COMPANY INC. Plaintiff v. ROYCE J HASSELL Defendant ROYCE J HASSELL Plaintiff v. MICHAEL HASSELL, et al Defendants

Marvin Isgur UNITED STATES BANKRUPTCY JUDGE

## CHAPTER 11

### **MEMORANDUM OPINION**

Hassell Construction Company, Inc. ("HCCI") and its related individuals move to remand two adversary proceedings to state court, where they were originally filed. The first proceeding, filed in the Harris County District Court, asserts claims for declaratory judgment and damages against Royce Hassell ("the Debtor"), as well as counterclaims for damages filed by the Debtor. The second proceeding, pending in the Court of Appeals for the First District of Texas, is an appeal from the trial court's denial of the Debtor's Anti-SLAPP motion to dismiss. Both suits stem from the Debtor's allegedly wrongful assertion of an ownership interest in HCCI. Because these non-core claims will directly impact the administration of the Debtor's chapter 11 estate, and because the Debtor agreed to dismiss the Anti-SLAPP appeal, remand is denied. *2

2

## **Background**

This motion to remand concerns a long-running business dispute between various Hassell siblings. HCCI is a construction company owned by the James C. Hassell Inter-Vivos Trust. The beneficiaries of the trust are the five children of James C. Hassell: Royce (the Debtor), Phillip, Michael, Jason, and Shawn. The underlying facts of the siblings' allegations have little impact on this motion to remand. However, the gist is as follows: the Debtor believes his siblings have wrongfully excluded him from ownership and management of HCCI. The siblings dispute the Debtor's story and argue that the Debtor wrongfully competed with HCCI and fraudulently obtained loans from his family members.

In December 2016, HCCI filed an action in the 61st Judicial District of Harris County, Texas seeking injunctive relief and damages against Royce Hassell.[1] (ECF No. 5 at 2). The complaint alleged two causes of action: a declaration that the Debtor is not a shareholder of HCCI, and a declaration that Silvia Hassell, the Debtor's wife, is not a beneficial owner of HCCI. HCCI sought damages for the Debtor's "repeated attempts to claim shareholder status and file shareholder derivative claims." (ECF No. 5 at 2).

[1] The claim also names Silvia Hassell, the Debtor's wife, as a defendant. However, Silvia Hassell was named as a defendant solely to address any community property interest she may have in HCCI. (ECF No. 5, at 2).

The Debtor timely asserted counterclaims against HCCI, as well as third party claims against his siblings Phillip Hassell, Michael Hassell

Hassell Constr. Co. v. Hassell (In re Hassell)    CASE NO: 19-30694 (Bankr. S.D. Tex. Jan. 7, 2020)

casetext
Part of Thomson Reuters™

individually and as trustee for the James C. Hassell Inter-Vivos Trust), Shawn Hassell Potts, and Jason Hassell. (ECF No. 5 at 3). The HCCI counterclaim sought damages for failure to provide corporate information. (ECF No. 5 at 3). The third party claims alleged breaches of fiduciary duties owed to the Debtor, as well as fraud and conspiracy. (ECF No. 6 at 2, 3). *3

The Hassell siblings filed their own counterclaims against the Debtor, also alleging breaches of fiduciary duty. (ECF No. 5 at 3). Additionally, the siblings filed their own third-party claims against R. Hassell Properties, Inc. ("RHP"), and Terry Tauriello. (ECF No. 5 at 3). RHP appears to have been a corporation owned by the Debtor, which the Debtor allegedly used to wrongfully compete with HCCI. (ECF No. 5 at 3). The record does not indicate Terry Tauriello's relationship with the Debtor or Tauriello's alleged role in the siblings' claims. RHP and Tauriello have not been served, but the Hassell siblings intend to effect service once this adversary proceeding is underway.

The Debtor filed an Anti-SLAPP motion to dismiss the siblings' third party claims on May 21, 2018. (ECF No. 5 at 3). The motion was briefed and argued before the state court, yet the state court failed to issue a timely ruling. (ECF No. 5 at 3). As a result, the motion was denied by operation of law, and the Debtor appealed. (ECF No. 5 at 3). The appeal remained pending in the First Court of Appeals prior to removal. (ECF No. 6 at 1).

In the summer of 2018, the Debtor filed bankruptcy petitions for three corporations he owns and controls. (ECF No. 5 at 3). Although those entities are not parties in these proceedings, the state court ordered a stay of both the main litigation and the Anti-SLAPP appeal in light of those bankruptcy filings. (ECF No. 5 at 4). Consequently, all litigation relevant to the present motion to remand has been stayed since August 7, 2018. (ECF No. 5 at 4).

The Debtor filed his individual chapter 11 bankruptcy petition on February 4, 2019. (ECF No. 6 at 4). The Debtor removed these two matters to the bankruptcy court on May 3, 2019. (ECF No. 6 at 4). The first removed lawsuit consists of the claims against the Debtor (as well as his spouse, RHP, and Terry Tauriello), as well as the Debtor's claims against HCCI and the Hassell third parties. The second removed action is the appeal of the Anti-SLAPP denial. *4

HCCI and the Hassell siblings filed a motion to remand both proceedings on June 4, 2019. (ECF No. 5). The movants argue that equitable remand is warranted because the actions involve state law claims, and the Anti-SLAPP appeal involves unsettled matters of Texas law, which the bankruptcy court is ill equipped to resolve. (*See generally* ECF No. 5). Further, HCCI and the siblings originally argued that removal was untimely in light of the prolonged stay of state court proceedings prior to Hassell's bankruptcy filing. (ECF No. 5 at 6). The movants abandoned that argument at the August 15, 2019 hearing on the motion to remand. At the same hearing, Hassell stated that he would waive his appeal of the Anti-SLAPP denial if this Court denies remand. (Aug. 15, 2019 Hearing at 10:00 a.m.).

HCCI timely filed a $465,740 proof of claim against the Debtor based on a settlement agreement approved by this Court. (ECF No. 6 at 6-7). Each of the four Hassell siblings also filed a $1 million proof of claim against the Debtor. (ECF No. 6 at 6-7). These proofs of claim arise out of alleged damages from the removed state court action. (ECF No. 6 at 6-7).

## Analysis

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1). *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775,

682, at *9 (S.D. Tex. Dec. 17, 2019). The Court may also remand a proceeding on any equitable ground. 28 U.S.C. § 1334(c)(1); s*ee In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F.2d 90 (5th Cir. 1987). Courts in the Fifth Circuit primarily look towards fourteen factors to determine whether abstention and remand are appropriate. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). The factors are the: *5

(i) Effect or lack thereof on the efficient administration of the estate if remand or abstention occurs;

(ii) Extent to which state law issues predominate over bankruptcy issues;

(iii) Difficult or unsettled nature of applicable law;

(iv) Presence of related proceedings commenced in state court;

(v) Jurisdictional basis of the claims, other than § 1334;

(vi) Degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(vii) Substance, rather than the form, of an asserted core proceeding;

(viii) Feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(ix) Burden on the bankruptcy court's docket;

(x) Likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping;

(xi) Existence of a right to a jury trial;

(xii) Presence of non-debtor parties in the proceeding;

(xiii) Comity; and

(xiv) Possible prejudice to other parties in the proceeding.

*Id.*

The Supreme Court states that abstention from federal jurisdiction should be an exception to the rule. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Under the *Colorado River* formula, abstention is only warranted under three categories of cases: (1) ones presenting constitutional questions which might be mooted or altered by a state court decision; (2) ones evoking difficult questions of state law on important public policy issues; and (3) ones where federal jurisdiction is invoked for the purpose of restraining state criminal proceedings. *Id.* at 816. However, in bankruptcy "[t]his Court, as well as several others, has drawn a distinction between *Colorado River* abstention and statutory abstention under § 1334(c)." *In re Houston Reg'l Sports Network*, 514 B.R. at 218. Under this view, § 1334(c) grants bankruptcy courts wide discretion to abstain in order to temper the broad jurisdictional grant of § 1334(b). *See Bicker v. Martin*, 348 B.R. 28, 32 (W.D. Pa. 2006). *6

Here, three of the fourteen factors favor abstention and remand. Four other factors support hearing the proceedings in bankruptcy court. The remaining seven factors are neutral. Although the factors present a nearly even split, the Court will deny abstention. While these claims are non-core, they will have a considerable effect on the administration of the bankruptcy estate. Further, the claims invoke settled areas of Texas law, which this Court may apply without offending Texas' interest in resolving claims under its own law.

## Factors Favoring Abstention and Remand

Factor 2, the predominance of state law issues, favors abstention and remand. All claims in these proceedings arise out of state law. HCCI seeks declarations that the Debtor and his spouse are not shareholders of HCCI. The Debtor asserts claims for failure to provide corporate information,

fiduciary duty, fraud, and conspiracy. The siblings assert claims for breach of fiduciary duty. All of these claims derive from Texas law.

Factor 5, jurisdiction, also weighs in favor of abstention and remand. A federal court would possess neither federal question nor diversity jurisdiction over these claims. Only § 1334 creates federal jurisdiction here. *See, e.g., In re NC12, Inc.*, 478 B.R. 820, 840 (Bankr. S.D. Tex. 2012); *see also Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011). Because the claims all derive from state law, no federal question is presented. Further, all parties to these suits reside in Texas, so diversity of citizenship cannot support federal jurisdiction.

Factor 7, the substance of the claims, weighs in favor of abstention and remand because only state law claims are asserted. These are not core proceedings. Instead, they are "related to" proceedings because the claims may conceivably affect the administration of the Debtor's estate. *See* 28 U.S.C. § 1334(b); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). Breach of fiduciary duty *\*7* and fraud are the types of claims that are normally resolved in state court. *See Special Value Continuation Partners*, 2011 WL 5593058, at \*9 (finding fraud claim was not the type of proceeding in which resolution by a bankruptcy court was favored over state court).

## Factors Weighing Against Abstention and Remand

Factor 1, the administration of the estate, favors denying abstention and remand. These suits, while noncore, will effectively determine the allowance and amount of five proofs of claim filed in the Debtor's bankruptcy case. These claims may total over $4 million in liabilities against the Debtor. (ECF No. 6 at 6-7). The claims constitute a significant proportion of all the claims filed in the Debtor's bankruptcy case. (*See* Case No. 19-30694 ECF No. 1 at 6). Hearing these suits in bankruptcy court will remove the need for duplicative claims

objection proceedings. *In re Quality Lease and Rental Holdings, LLC*, 2016 WL 416961, No. 14-6005, at \*6 (Bankr. S.D. Tex. Feb. 1, 2016) ("If the state law claims are remanded to the state court, at least two courts will be required to consider the same evidence, hear the same testimony, measure the same damages, and be compelled [to] find the same facts."). Fixing the Debtor's liability to the HCCI parties in the bankruptcy court (or the HCCI parties' liability to the Debtor) will encourage the efficient liquidation of the Debtor's bankruptcy estate. Otherwise, there will likely be a state court trial followed by claims objections in bankruptcy court. Both courts would hear substantially identical evidence. Further, the effect on estate administration is neither remote nor circumstantial. If the Debtor loses, the value of claims against his estate will be settled. If the Debtor prevails, his creditors will benefit from any collection on the judgment, as these will be assets of the estate. Factor 1 favors hearing the proceedings in this Court.

Factor 3, the difficulty or unsettled nature of the law, favors retention. The various claims asserted in these actions are well established under Texas law. It appears that this Court \*8 will be tasked with nothing more than applying Texas law to the facts of this case. *Houston Reg'l Sports Network*, 514 B.R. at 216 (stating fraud claims are well settled under Texas law). The Debtor also removed a pending appeal of the state court's failure to rule on his Anti-SLAPP motion. Applied to the pending appeal, this factor would favor abstention and remand. Texas enacted its anti-SLAPP statute less than a decade ago, and the body of case law applying it is unsettled. The Fifth Circuit recently ruled that the Texas Anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure and is inapplicable in federal court. *Klocke v. Watson*, 936 F.3d 240, 245-46 (5th Cir. 2019) ("Because the TCPA imposes evidentiary weighing requirements not found in the Federal Rules, and operates largely without pre-decisional discovery, it conflicts with those rules.").

the Debtor acknowledged at oral argument that if these cases remain in bankruptcy court, the Anti-SLAPP appeal must be waived. (Aug. 15, 2019 Hearing at 10:00 a.m.). Therefore, because the Debtor agreed to dismiss the Anti-SLAPP appeal and the Anti-Slapp claim, the matters before the bankruptcy court only involve settled areas of Texas law.

Factor 6, the relatedness to the main bankruptcy case, favors retaining the suits in bankruptcy. Although the claims are noncore, for the same reasons set forth in Factor 1, resolution of the claims will have a significant determinative effect on the assets and liabilities of Royce Hassell's bankruptcy estate.

Factor 12, the presence of non-debtor parties, favors retention because, besides the Hassell siblings' claims against RHP and Terry Tauriello, each claim is asserted by or against the Debtor and his wife. RHP is a business entity controlled by the Debtor and its inclusion in this adversary proceeding will not cause the Court to decide claims that are unrelated to the Debtor's bankruptcy. Tauriello's involvement in these matters is entirely unclear, and he has not yet been 9 *9 served with process. The Court cannot find, on this scant record, that the claims against Tauriello support abstention and remand at this time. If Tauriello is served and raises jurisdictional defenses, the Court will address jurisdiction at that time. The Hassell siblings and HCCI have also all filed proofs of claims in the main bankruptcy case. Additionally, there are no claims by HCCI and the Hassell siblings against one another. The balance of Factor 12 favors denying remand.

## Neutral Factors

Factor 4, the presence of related proceedings, is neutral. Many of the HCCI parties are in litigation with corporations owned or controlled by Royce Hassell. (ECF No. 5 at 7). There is also litigation against Silvia Hassell. (ECF No. 5 at 7). However, the extent of any factual overlap between these proceedings and those involving related parties is

unclear. Even if this Court abstains and remands, it is also unclear whether consolidation is likely or even possible in state court. Thus, there is no indication whether abstention and remand would increase judicial economy.

Factor 8, the feasibility of severance, is neutral. All claims in these proceedings arise under state law. Severing the state and bankruptcy law matters is not necessary, since the claims arise under state law. There are no bankruptcy specific questions to bifurcate.

Factor 9, the burden on the docket, is neutral as well. This Court can hear these proceedings without overwhelming its docket. This Court has no reason to believe that the state court cannot do the same.

Factor 10 is also neutral. There has been no indication of untoward forum shopping in the case. *See Houston Reg'l Sports Network*, 514 B.R. 10 at 216. *10

Factor 11 is neutral as well because a jury trial is likely not available in bankruptcy court, but neither party has requested a jury trial. A jury trial would be available in state court. Because each of the Hassell siblings filed proofs of claims, they may not have a right to a jury trial in bankruptcy court. *See Granfinanciera*, *S.A. v. Nordberg*, 492 U.S. 33, 58 (1989). However, in the event that any party requests a jury trial, the district court may withdraw the reference from the bankruptcy court and allow a jury trial. *Houston Reg'l Sports Network*, 514 B.R. at 217. If a party is entitled to trial by jury, the district court may hear the case. At the present stage, a withdrawal of the reference is speculative and Factor 11 is neutral.

Factor 13, comity, is neutral because although these are state law causes of action, there are no novel issues of state law presented. In similar circumstances, this Court has previously found Factor 13 neutral. *See id.*, 514 B.R. at 217 (finding

casetext
Part of Thomson Reuters

are neutral when state law causes of action asserted by non-debtors against non-debtors presented no novel issues of Texas law).

Factor 14, prejudice, is neutral. No party would suffer prejudice if these claims are resolved in bankruptcy court. The claims were originally filed in the state district court in Harris County. All parties appear to reside in or near Harris County. No party has raised concerns about any burden that hearing these cases in bankruptcy court might cause.

## Equitable Application of Permissive Abstention

Four factors weigh in favor of retaining these proceedings in bankruptcy court and three favor remanding to state court. The other seven factors are neutral. However, the Court must ultimately decide which factors are of greater importance and persuasion. *See Rohi v. Brewer & Pritchard*, 2019 WL 6894775, No. H-19-0682, at *10 (S.D. Tex. Dec. 17, 2019); *Houston Reg'l Sports Network*, 514 B.R. at 217 (citing *Special Value Continuation Partners*, 2011 WL 5593058, at *10). *11

11

The Court finds the factors pointing towards retention decisive. Although these claims are non-core, their resolution will heavily impact the administration of the Debtor's bankruptcy estate. As discussed above, the outcome will either increase the assets available for distribution or establish the amount of allowed claims. Additionally, the breach of fiduciary duty and fraud claims alleged here are thoroughly developed in Texas. The Debtor also agreed to waive the Anti-SLAPP appeal and claims, so the Court will not be tasked with deciding novel state law issues. Hearing the remaining proceeding in bankruptcy court will also avoid duplicative claim objections. This furthers the goal of judicial economy.

On the other hand, the three factors favoring remand do so because only state law claims are present. If the effect on the main bankruptcy case was tenuous or if novel state law issues were present, remand might be appropriate. However, abstention and remand based solely on the presence of state law claims ignores the practical benefits of hearing these claims in bankruptcy court.

The Court finds that retention of these proceedings in bankruptcy court is the best course forward. This result is consistent with the Supreme Court's *Colorado River* directive that federal courts should exercise their jurisdiction to hear claims. The result also illustrates a balance between the general principle that a bankruptcy court should avoid resolving claims that should be heard before a state tribunal and the desire to exercise jurisdiction in a manner that promotes efficiency. The Debtor's bankruptcy estate, the bankruptcy court, and the state court all benefit from deciding these proceedings in bankruptcy. This efficiency, as well as the direct impact these claims have on the estate, supports hearing these claims in federal court. *12

12

## *Conclusion*

The motion to remand is denied. The Court will issue an order in accordance with this memorandum opinion.

SIGNED **January 7** , **2020.**

/s/_____

Marvin Isgur

UNITED STATES BANKRUPTCY JUDGE



# Walz v. Smith (In re Smith)

*Decided Jun 4, 2019*

CASE NO. 17-56312-WLH ADVERSARY PROCEEDING NO. 17-5173-WLH

06-04-2019

IN RE: JAPHETH JARED SMITH, Debtor. JEFFREY B. WALZ, Plaintiff, v. JAPHETH JARED SMITH, Defendant.

---

Wendy L. Hagenau U.S. Bankruptcy Court Judge

## IT IS ORDERED as set forth below:

2 CHAPTER 7 *2 **ORDER**

**THE MATTER** before the Court in this discharge and dischargeability case was raised by Plaintiff in a proposed Consolidated Pre-Trial Order (Doc. No. 32) (the "PTO") submitted on April 3, 2019, and at a pre-trial conference held on April 25, 2019. Plaintiff requested the Court hold a jury trial and that the Court abstain from hearing this matter to allow the state court to decide the underlying claim of liability. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J) and the Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

## I. FACTS

Defendant and others hosted and promoted events at nightclubs and other venues in the Atlanta area. Defendant sent blast texts to encourage others to attend these events. Between December 2012 and November 2015, Defendant used an automated system to send Plaintiff 112 text messages promoting such events. Plaintiff responded to the messages and requested Defendant to stop

contacting him; he also registered on the national "do-not-call" registry. Defendant continued to contact Plaintiff.

In August 2015, Plaintiff named Defendant as a defendant in a lawsuit in DeKalb County Superior Court and alleged Defendant violated the Telephone Consumer Protection Act (the "TCPA")'s "robocall" and do not call restrictions by repeatedly sending him text messages after he asked Defendant to stop contacting him. No judgment was entered against Defendant before his bankruptcy filing, and the lawsuit was administratively closed on March 29, 2018.

Defendant filed a petition under chapter 7 of the Bankruptcy Code on April 4, 2017. Plaintiff filed the complaint on July 3, 2017 seeking a determination a debt owed to him is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code and to deny Defendant a discharge pursuant to sections 727(a)(2), (a)(3), (a)(4), and (a)(5) of the Bankruptcy Code. *3 Plaintiff moved for summary judgment and asked the Court to find Defendant liable under the TCPA in the amount of $112,000 in actual damages, to treble the damages to $336,000, and to determine the claim is nondischargeable pursuant to section 523(a)(6), and to deny Defendant a discharge pursuant to section 727(a)(3) of the Bankruptcy Code for failing to keep records of compensation he received in exchange for promoting events. The Court found it was disputed as to whether Defendant willfully and knowingly violated the TCPA and whether Defendant failed to keep records of compensation he received for

promoting events and such records were necessary to ascertain his financial affairs. Accordingly, the Court denied summary judgment.

The Court held a status hearing on February 14, 2019, during which the parties announced the case was ready for trial. On April 3, 2019, the parties submitted the PTO. For the first time, the parties raised questions about a jury trial and provided information as if a jury trial would be held. Neither party ever requested a jury trial.

The Court held a pre-trial conference on April 25, 2019. After hearing argument from counsel, the Court gave the parties time to submit briefs addressing: 1) whether Plaintiff waived his right to a jury trial by failing to timely file a demand, 2) whether a jury trial is warranted, and 3) whether the Court should abstain from hearing the case. Having read and considered the papers submitted by the parties, the Court finds Plaintiff waived his right to a jury trial, a jury trial is not warranted, and abstention is not appropriate in this case.

## II. ANALYSIS

### a. Plaintiff waived his right to a jury trial

Federal Rule of Civil Procedure 38(b), incorporated by Bankruptcy Rule 9015(a), provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:

4    *4

> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]

Fed. R. Civ. P. 38(b).

The right to a jury trial is not self-enforcing. A jury trial must be demanded pursuant to the provisions of Rule 38. Inaction may result in a waiver of the right. See Velde v. Christenson, No. Civ. 10-3760 MJD/LIB, 2013 WL 1900461 (D.

Minn. Feb. 27, 2013), report and recommendation adopted, No. CIV. 10-3760 MJD/LIB, 2013 WL 1899930 (D. Minn. May 7, 2013) (jury trial waived by failure to file demand within Rule 38(b) deadline); see also Gradco Corp. v. Blankenship (In re Blankenship), 408 B.R. 854, 864-65 (Bankr. N.D. Ala. 2009).

To demand a jury trial, the party must serve a written demand on the other parties at any time after commencement of the action, but not later than 14 days after service of the last pleading directed to the issue. The only pleadings that may qualify as the "last pleading" are (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint and (6) a third-party answer. Webb v. White (In re White), 222 B.R. 831 (Bankr. E.D. Tenn. 1998) (citing McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990), aff'd, 500 U.S. 136 (1991)). The demanding party must also file the demand in accordance with the provisions of Bankruptcy Rule 5005. The demand may be included in a pleading.

Plaintiff's demand is untimely. The last pleading filed in this adversary proceeding was Defendant's answer, filed on August 2, 2017. Plaintiff did not serve a written demand within 14 days as required by Rule 38. Rather, Plaintiff included questions regarding a jury in the PTO filed on April 3, 2019, 20 months after Defendant filed his answer. Plaintiff never requested a jury trial by motion. Plaintiff waived his right to a jury trial by failing to timely file a demand. *5

5

### b. A jury trial is not warranted

Plaintiff acknowledges he did not timely demand a jury trial. Nevertheless, Plaintiff contends the Court should exercise its discretion pursuant to Federal Rule of Civil Procedure 39, incorporated by Bankruptcy Rule 9015, to order a jury trial. The rule provides a delay in requesting a jury trial may be excused if a party later files a motion requesting a jury trial. It states:

casetext
Part of thomson reuters
24-04125-mar    Doc 22    Filed 08/08/24    Entered 08/08/24 11:24:07    Page 47 of 95
2

Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Fed. R. Civ. P. 39(b). Plaintiff has not filed a motion. Furthermore, even if the Court were to construe Plaintiff's request in the PTO as a motion, it does not appear ordering a jury trial is warranted.

In determining whether to order a jury trial pursuant to Rule 39(b), courts should consider all the circumstances. Members v. Paige, 140 F.3d 699, 703 (7th Cir. 1998). When the deadline in Rule 38(b) passes, there is a presumption against a jury trial, and the court may thereafter "require a litigant who asks belatedly for a jury trial to offer a reason for not meeting the deadline[.]" Id. Courts consider and balance several factors to determine whether to allow a jury trial including: (1) whether the issues involved are appropriately tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial. J.P. Morgan Partners v. Kelley (In re HA-LO Indus.), 326 B.R. 116, 121-22 (Bankr. N.D. Ill. 2005) (citations omitted). Plaintiff has not offered a reason for missing the deadline, and Plaintiff has not addressed any of these factors. Nonetheless, the Court finds the factors weigh against allowing a jury trial here.

The first factor, whether the issues involved are appropriately tried before a jury, weighs against a jury trial because there is no right to a jury trial in section 523 and 727 actions. *6 Proceedings concerning the nondischargeability of debts are equitable in nature and therefore "[b]ankruptcy litigants . . . have no Seventh Amendment right to a jury trial in dischargeability proceedings." In re Hashemi, 104 F.3d 1122, 1124 (9th Cir. 1996); In re Hallahan, 936 F.2d 1496, 1505 (7th Cir. 1991)

("[A] dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial."). While a debtor may have a right to a jury trial as to the liability and amount of a debt, a debtor does not have a right to a jury to determine the dischargeability of a particular debt. U.S. v. Stanley, 595 F. App'x 314, 320-21 (5th Cir. 2014). Moreover, the Bankruptcy Court has jurisdiction to liquidate any debt owed to the Plaintiff and enter judgment for Plaintiff in the context of a dischargeability action. See Blankenship, 408 B.R. 854, 865-67 (Bankr. N.D. Ala. 2009); Pioneer Credit Co. v. Detamore (In re Detamore), No. 04-78987, 2005 WL 6486098, *3 (Bankr. N.D. Ga. Sept. 27, 2005). While the underlying claim may be triable by a jury, Plaintiff did not timely ask for a jury and did not seek relief from the stay to continue litigation in state court. There is also no right to a jury trial in a proceeding to deny a debtor his discharge. Murphy v. Felice (In re Felice), 480 B.R. 401, 435 (Bankr. D. Mass. 2012) (explaining a proceeding to deny discharge sounds in equity).

The second factor, whether the court's schedule or that of the adverse party will be disrupted, neither weighs in favor of or against a jury trial. On the one hand, the parties have completed discovery, filed dispositive motions, and submitted a proposed pretrial order. On the other hand, the Court has yet to set a trial date.

The third factor, the potential prejudice to the Defendant, does not weigh in favor of or against a jury trial. Defendant opposes litigating the matter in state court and argues that the cost of a jury trial is prohibitive, but it is not evident Defendant would be legally prejudiced by a jury trial as to liability and amount of the debt allegedly owed to Plaintiff. *7

The fourth factor, the length of delay, is significant and weighs against ordering a jury trial in this case. The last pleading filed in this adversary proceeding, Defendant's answer, was filed on August 2, 2017. Plaintiff did not serve a written

jury demand within 14 days as required by Rule 38. In fact, he has never filed a written demand for a jury trial. Rather, Plaintiff included questions regarding a jury in the PTO 20 months after the last pleading was filed. Plaintiff has been a vigorous and seemingly willing participant in nearly two years of litigation in this Court and Plaintiff's actions throughout this adversary proceeding have been inconsistent with an intention to seek a jury trial, including filing a motion for summary judgment and proposed PTO. Now that the case is ready for trial in the Bankruptcy Court in the next several months, Plaintiff asserts proceedings in this Court should be stayed as he has a right to a jury trial, which cannot be held in this Court without the express consent of all the parties. 28 U.S.C. § 157(e). Defendant has not consented to this Court holding a jury trial. Staying these proceedings to allow a state or district court to resolve the matter would inevitably result in a delay while the court spends the necessary time to become acquainted with the suit and try the case. Because this Court is very familiar with the facts and issues in this proceeding, adjudication in this Court will not delay a resolution of this adversary proceeding.

Finally, the fifth factor, the reason for Plaintiff's delay, weighs against allowing a jury trial because Plaintiff has failed to offer any reason for his failure to request a jury a trial in a timely and correct fashion.

The deadline in Rule 38(b) has long since passed and Plaintiff has failed to file a motion and failed to demonstrate a jury trial is warranted. He has not rebutted the presumption against granting a jury trial and, accordingly, the Court declines to 8 exercise its discretion to order a jury trial. *8

**c. Abstention is not appropriate**

Finally, Plaintiff asks the Court to abstain from hearing this case and allow the state court to determine liability and damages. Plaintiff contends that a motion for summary judgment was pending in state court when Debtor filed his case. Plaintiff

states summary judgment was entered against one co-defendant and two other co-defendants were dismissed from the case. No one provided the Court with copies of the state court pleadings.

Under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

casetext
Part of thomson reuters
24-04125-mar    Doc 22    Filed 08/08/24    Entered 08/08/24 11:24:07    Page 49 of 95
4

(1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of related proceedings commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530-31 (M.D. Ala. 2002).

These factors weigh against abstention here. First, state law issues do not predominate the bankruptcy issues in this matter. This Court has exclusive jurisdiction over the dischargeability *9 issues in this proceeding. Moreover, this Court has subject matter jurisdiction in this proceeding to determine Defendant's liability to the plaintiff, liquidate any debt owed by the defendant to the plaintiff, and enter a money judgment against the

defendant. See Blankenship, 408 B.R. at 865-. In an action brought under 11 U.S.C. § 523, an element of the plaintiff's prima facie case is proving the existence of a debt. Detamore, 2005 WL 6486098 at *3. A court must make a determination of what specific debt is or is not dischargeable. Id. It is not surprising that under section 523 bankruptcy courts have subject matter jurisdiction to liquidate underlying claims and must often do so to make a ruling on the section 523 claim. See id. Further, this is a "core proceeding" arising under title 11, 28 U.S.C. §§ 157(b)(2)(I) & (J), and closely relates to Defendant's pending bankruptcy case.

The presence of related proceedings in the DeKalb County Superior Court also does not weigh heavily in favor of abstention. The issue of the liability and amount of debt owed by Defendant was previously before the DeKalb Superior Court. A motion for summary judgment was pending when Defendant filed for bankruptcy relief. However, no judgment was entered against Defendant, and it is not clear whether the parties had fully briefed the issues; if additional briefing is needed, it will undoubtedly increase time and expense. Thus, the presence of related proceedings does not weigh strongly in favor of abstention.

Finally, abstention will not prejudice any party; if anything, this case can be managed more efficiently in this Court. Trial courts have an "unquestionable authority to control their own dockets," including "broad discretion in deciding how best to manage the cases before them." Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (citations omitted). This discretion "should be exercised 'so as to achieve the orderly and expeditious disposition of cases.'" Id. (citation omitted). While the matter may or may not be ready for resolution in the *10 DeKalb Superior Court, the parties have completed discovery in this adversary proceeding, the Court has already considered and ruled on dispositive motions, and the Court is prepared to

casetext
Part of thomson reuters
24-04125-mar   Doc 22   Filed 08/08/24   Entered 08/08/24 11:24:07   Page 50 of 95
5

try the remaining issues. Resolving all Plaintiff's claims in this Court can be done in an efficient and expeditious manner.

For these reasons, the Court declines to exercise its discretion to abstain from hearing this adversary proceeding.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** Plaintiff's request for a jury trial is **DENIED.**

**IT IS FURTHER ORDERED** the parties are directed to file an amended proposed consolidated pretrial order removing all references to a jury and jury trial no later than **30 days** after the entry of this order. **Date: June 4**, **2019**

/s/ _____

**Wendy L. Hagenau**

**U.S. Bankruptcy Court Judge**

## **END OF DOCUMENT**

**Distribution List** Patricia Lyda Williams
The Williams Law Office, LLC
3675 Crestwood Parkway, Suite 400
Duluth, GA 30096 Japheth Jared Smith
2770 Tradd Ct
Snellville, GA 30039-4942 Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street Suite B
Tucker, GA 30084 Jason L. Pettie
P.O. Box 17936
11  Atlanta, GA 30316 *11 Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303



Boyd v Heitmann et al Docket Sheet as of 5.17.2024

# 2023-003864-CZ BOYD, ALEX et al vs. HEITMANN, BRANDON et al KAV

- Case Type:
- CZ-OTHER GENERAL CIVIL
- Case Status:
- Open
- File Date:
- 11/13/2023
- DCM Track:
- TRACK 120 DAYS DISCOVERY
- Action:
- WITH JURY DEMAND
- Status Date:
- 11/13/2023
- Case Judge:
- VIVIANO, KATHRYN A
- Next Event:
- 05/28/2024

**All Information**   Docket   Party   Event   Financial   Receipt   Disposition

## Docket Information

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|--------------|------------|
| 11/13/2023 | ENTRY FEE | ENTRY FEE  Receipt: 1399093  Date: 11/13/2023 | $150.00 | | $0.00 |
| 11/13/2023 | JURY FEE | JURY FEE  Receipt: 1399093  Date: 11/13/2023 | $85.00 | | $0.00 |
| 11/13/2023 | ELECTRONIC FILING SYSTEM FEE - CIVIL | ELECTRONIC FILING SYSTEM FEE - CIVIL  Receipt: 1399093  Date: 11/13/2023 | $25.00 | | $0.00 |
| 11/13/2023 | COMPLAINT/PETITION FILED - CIVIL | COMPLAINT/PETITION FILED - CIVIL ALEX BOYD (PLAINTIFF); REBECCA BOYD (PLAINTIFF); BRANDON HEITMANN (DEFENDANT); AMANDA PISARSKI (DEFENDANT); AMANDA HEITMANN (DEFENDANT); KODY GRANDCHAMP (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); HANK BELL (DEFENDANT); CONSTRUCTION CONTRACTORS LLC (DEFENDANT); EXPLORE INDUSTRIES USA INC (DEFENDANT); IMAGINE POOLS (DEFENDANT); | | | |
| 11/13/2023 | JURY DEMAND | JURY DEMAND | | | |
| 11/13/2023 | SUMMONS ISSUED | SUMMONS ISSUED  **EXP 2-12-24**  (6) | | | |
| 11/13/2023 | CASE PLACED ON E-FILING STATUS PER ADMINISTRATIVE ORDER 2010-6 | CASE PLACED ON E-FILING STATUS PER ADMINISTRATIVE ORDER 2010-6 | | | |
| 12/06/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=132551178) | | | |
| 12/20/2023 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133066910) APPEARANCE BY RETAINED ATTORNEYS: ANTOVSKI, GORAN AND MAJEWSKI, JUSTIN M. OBO DEFTS CONSTRUCTION CONTRACTORS LLC (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066901) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|---|---|---|---|---|---|
| 12/20/2023 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133066907) APPEARANCE BY RETAINED ATTORNEYS: ANTOVSKI, GORAN MAJEWSKI, JUSTIN M. OBO CONSTRUCTION CONTRACTORS LLC (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066898) | | | |
| 12/20/2023 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=133066913) DEFTS BELL AND CONSTRUCTION CONTRACTORS MOTION FOR SUMMARY DISPOSITION | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066902) | | | |
| 12/20/2023 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=133066908) NOTICE OF HEARING | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066897) | | | |
| 12/20/2023 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=133066914) PROOF OF SERVICE | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066903) | | | |
| 12/20/2023 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=133066906) E-FILED REQUEST FOR HEARING | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133066895) | | | |
| 12/21/2023 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED Event: MTN FOR SUMMARY DISPOSITION Date: 01/22/2024   Time: 10:00 am Judge: VIVIANO, KATHRYN A   Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>ANTOVSKI / HARRINGTON IN LIEU OF ANSWER<br><br>Result: MOTION HEARING ADJOURNED | | | |
| 12/21/2023 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:  Date: 12/21/2023 2:50:00 PM Receipt: 1403675  Date: 12/21/2023 | $20.00 | | $0.00 |
| 01/02/2024 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133343352) APPEARANCE OF NICHOLAS J TATRO EXPLORE INDUSTRIES USA INC (DEFENDANT); | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133343344) | | | |
| 01/02/2024 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=133343354) DEFT EXPLORE INDUSTRIES USA INCS MOTION FOR SUMMARY DISPOSITION PURS TO MCR 2.116(C)(7) W/ NOTICE OF HRG, BRIEF, CERT OF SERV, & EXHIBS | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133343332) | | | |
| 01/02/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=133343350) E-FILED REQUEST FOR HEARING | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133343343) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|--------------|------------|
| 01/03/2024 | MOTION FEE | MOTION FEE<br>Filing Fee mt  Receipt:   Date: 1/3/2024 2:27:34 PM  Receipt: 1404540  Date: 01/03/2024 | $20.00 | | $0.00 |
| 01/03/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED<br>Event: MTN FOR SUMMARY DISPOSITION<br>Date: 02/12/2024   Time: 10:00 am<br>Judge: VIVIANO, KATHRYN A    Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>TATRO / HARRINGTON<br><br>Result: HELD - TAKEN UNDER ADVISEMENT | | | |
| 01/11/2024 | MOTION HEARING ADJOURNED | MOTION FOR SUMMARY DISPOSITION ADJOURNED TO 02-05-2024 10:00 AM PER MOVING ATTORNEY ANTOVSKI VIA EMAIL; MOVING PARTY TO RE-NOTICE<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 01/22/2024 at 10:00 am has been resulted as follows:<br><br>Result: MOTION HEARING ADJOURNED<br>Judge: VIVIANO, KATHRYN A    Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW | | | |
| 01/11/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 01/22/2024 at 10:00 am has been rescheduled as follows:<br><br>Event: MTN FOR SUMMARY DISPOSITION<br>Date: 02/05/2024   Time: 10:00 am<br>Judge: VIVIANO, KATHRYN A    Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>ANTOVSKI / HARRINGTON<br>IN LIEU OF ANSWER<br><br>Result: HELD - TAKEN UNDER ADVISEMENT | | | |
| 01/11/2024 | RE-NOTICE OF HEARING | RE-NOTICE OF HEARING<br>(OBDH=133670069) RE-NOTICE OF HEARING | | | |
| 01/11/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=133670066) | | | |
| 01/30/2024 | BRIEF IN SUPPORT | BRIEF IN SUPPORT<br>(OBDH=134215084) BRIEF IN SUPPORT OF PLTFS RESPONSE TO DEFTS HENRY GIRARD BELL AKA HANK BELL & CONSTRUCTION CONTRACTORS LLCS MOTION FOR SUMMARY DISPOSITION W/ EXHIBS | | | |
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134215079) | | | |
| 01/30/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION<br>(OBDH=134215085) PLTFS RESPONSE TO DEFTS HENRY GIRARD BELL AKA HANK BELL & CONSTRUCTION CONTRACTORS LLCS MOTION FOR SUMMARY DISPOSITION | | | |
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134215078) | | | |
| 02/01/2024 | BRIEF IN RESPONSE | BRIEF IN RESPONSE<br>(OBDH=134317106) DEFTS BELL & CONSTRUCTION CONTRACTORS REPLY TO PLTFS RESPONSE TO DEFTS HENRY BELL & CONSTRUCTION CONTRACTORS MTN | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|---|---|---|---|---|---|
| | | FOR SUMMARY DISPOSITION | | | |
| 02/01/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134317103) | | | |
| 02/05/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION (OBDH=134401064) BRIEF IN SUPPORT OF PLTFS RESPONSE TO DEFT EXPLORE INDUSTRIES USA INCS D/B/A IMAGINE POOLS MOTION FOR SUMMARY DISPOTIION | | | |
| 02/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134401060) | | | |
| 02/05/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION (OBDH=134401065) PLTFS RESPONSE TO DEFT EXPLORE INDUSTRIES USA INCS D/B/A IMAGINE POOLS MOTION FOR SUMMARY DISPOSITION | | | |
| 02/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134401061) | | | |
| 02/05/2024 | HELD - TAKEN UNDER ADVISEMENT | MOTION FOR SUMMARY DISPOSITION HELD: TAKEN UNDER ADVISEMENT, OPINION AND ORDER TO ISSUE<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 02/05/2024 at 10:00 am has been resulted as follows:<br><br>Result: HELD - TAKEN UNDER ADVISEMENT<br>Judge: VIVIANO, KATHRYN A    Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>HELD ON THE RECORD<br>COURT REPORTER: VIDEO CIRCUIT<br>Certificate #: | | | |
| 02/05/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION (OBDH=134407093) DEFTS BELL & CONSTRUCTION CONTRACTORS RESPONSE TO DEFT EXPLORE INDUSTRIES LLCS MOTION FOR SUMMARY DISPOSITION UNER MCR 2.116 (C)(7) W/ BRIEF | | | |
| 02/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134407091) | | | |
| 02/07/2024 | MOTION FOR SECOND SUMMONS | MOTION FOR SECOND SUMMONS (OBDH=134494433) MOTION FOR SECOND SUMMONS AND ORDER - SGD *EXP 04-12-2024* | | | |
| 02/07/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134494429) | | | |
| 02/07/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=134494435) E-FILED REQUEST FOR HEARING | | | |
| 02/07/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134494430) | | | |
| 02/08/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:  Date: 2/8/2024 2:34:40 PM  Receipt: 1408642  Date: 02/08/2024 | $20.00 | | $0.00 |
| 02/08/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134547999) | | | |
| 02/08/2024 | BRIEF IN SUPPORT OF MOTION | BRIEF IN SUPPORT OF MOTION (OBDH=134554579) DEFT EXPLORE INDUCTRIES USA, INCS REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SD | | | |
| 02/08/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134554577) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 02/12/2024 | HELD - TAKEN UNDER ADVISEMENT | MOTION FOR SUMMARY DISPOSITION HELD: TAKEN UNDER ADVISEMENT, OPINION AND ORDER TO ISSUE; STATUS CONFERENCE SET FOR 02-27-2024 08:30 AM - OTE<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 02/12/2024 at 10:00 am has been resulted as follows:<br><br>Result: HELD - TAKEN UNDER ADVISEMENT<br>Judge: VIVIANO, KATHRYN A   Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>HELD ON THE RECORD<br>COURT REPORTER: VIDEO CIRCUIT<br>Certificate #: | | | |
| 02/13/2024 | STATUS CONFERENCE SCHEDULED | STATUS CONFERENCE SCHEDULED<br>Event: STATUS CONFERENCE<br>Date: 02/27/2024   Time: 8:30 am<br>Judge: VIVIANO, KATHRYN A   Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW<br><br>REMOTE<br><br>Result: HELD: NOT PLACED ON RECORD | | | |
| 02/14/2024 | ORDER SIGNED: | ORDER SIGNED:<br>(OBDH=134730927) ORDER SCHEDULING STATUS CONFERENCE - SGD | | | |
| 02/14/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134732494) | | | |
| 02/22/2024 | ANSWER TO COMPLAINT | ANSWER TO COMPLAINT<br>(OBDH=134975676) DEFENDANT AMANDA PISARSKIS ANSWER TO PLAINTIFFS COMPLAINT; DEFENDANT AMANDA PISARSKIS- AFFIRMATIVE DEFENSES; CERT OF SERV<br>AMANDA PISARSKI (DEFENDANT);<br>Attorney: FARRAJ, YOUSEF M (79760) | | | |
| 02/22/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134975675) | | | |
| 02/22/2024 | ANSWER TO COMPLAINT | ANSWER TO COMPLAINT<br>(OBDH=134975678) DEFENDANT BRANDON HEITMANNS ANSWER TO PLAINTIFFS COMPLAINT; DEFENDANT BRANDON HEITMANNS AFFIRMATIVE DEFENSES; CERT OF SERV<br>BRANDON HEITMANN (DEFENDANT);<br>Attorney: FARRAJ, YOUSEF M (79760) | | | |
| 02/22/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134975674) | | | |
| 02/23/2024 | SUMMONS ISSUED | SUMMONS ISSUED<br>(OBDH=135012669) SUMMONS ISSUED: 02-23-24 EXP 04-12-24<br>AS TO:<br>KODY GRANDCHAMP (DEFENDANT); | | | |
| 02/23/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135025362) | | | |
| 02/23/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135012665) | | | |
| 02/27/2024 | HELD: NOT PLACED ON RECORD, | HELD: NOT PLACED ON RECORD, PARTIES TO PROCEED ON CURRENT SCHEDULING ORDER<br>The following event: STATUS CONFERENCE scheduled for | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| | | 02/27/2024 at 8:30 am has been resulted as follows:<br><br>Result: HELD: NOT PLACED ON RECORD<br>Judge: VIVIANO, KATHRYN A    Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW | | | |
| 02/27/2024 | DISCOVERY AND CASE EVALUATION ORDER ISSUED | DISCOVERY AND CASE EVALUATION ORDER ISSUED<br><br>(N) IMAGE OF DISCOVERY AND CASE EVAL ORDER<br>Sent on: 02/27/2024  15:55:31.54 | | | |
| 02/27/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135219035) | | | |
| 02/27/2024 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY)<br>(OBDH=135210404) NOTICE OF APPEARANCE (LITIGANTS ATTORNEY)<br>AMANDA PISARSKI (DEFENDANT); BRANDON HEITMANN (DEFENDANT); | | | |
| 02/27/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135210402) | | | |
| 02/27/2024 | CASE EVAL AFTER: SUMMARY DISPO MOTION BY: PLTF'S WITNESS LIST BY: DEFT'S WITNESS LIST BY: | CASE EVAL AFTER:  06/26/2024<br>SUMMARY DISPO MOTION BY:  09/24/2024<br>PLTF'S  WITNESS LIST BY:  04/12/2024<br>DEFT'S WITNESS LIST BY:  04/29/2024 | | | |
| 03/04/2024 | E-FILED COPY OF BANKRUPTCY NOTICE AS TO: | E-FILED COPY OF BANKRUPTCY NOTICE AS TO:<br>(OBDH=135506403) E-FILED COPY OF VOLUNTARY PETITION FOR NON INDIVIDUALS FILING BANKRUPTCY FROM US BANK CT EAST DIST OF MI AS TO DEBTOR BRANDON HEITMANN  ONLY, BANK CT CASE NO 24-41956-mar W/EXHIBITS | | | |
| 03/04/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135506402) | | | |
| 03/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135574725) | | | |
| 03/06/2024 | ORDER FOR ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY SGD | ORDER FOR ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY - SGD<br>AS TO DEBTOR BRANDON HEITMANN  ONLY, BANK CT CASE NO 24-41956-mar<br>CASE REMAINS OPEN<br>ORDER ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY<br>Sent on: 03/05/2024  15:39:24.15 | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135606836) | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135617311) | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=135618199) | | | |
| 03/29/2024 | NOTICE OF NON-PARTY FAULT | NOTICE OF NON-PARTY FAULT<br>(OBDH=136468790) DEFENDANT EXPLORE INDUSTRIES USA, INC.S NOTICE OF NON-PARTY FAULT W/ CERT. OF SERVICE | | | |
| 03/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=136468788) | | | |
| 04/09/2024 | OPINION & ORDER SIGNED | OPINION & ORDER SIGNED<br>(OBDH=136821013) OPINION & ORDER DENYING DEFTS HENRY GIRARD BELL & CONSTRUCTIONS CONTRACTORS INCS MOTION FOR SUMMARY DISPOSITION UNDER MCR 2.116(C)(8) -SGD (DOES NOT | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| | | CLOSE) | | | |
| 04/09/2024 | OPINION & ORDER SIGNED | OPINION & ORDER SIGNED (OBDH=136821015) OPINION & ORDER GRANTING DEFT EXPLORE INDUSTRIES USA, INCS MOTION FOR SUMMARY DISPOSITION UNDER MCR 2.116(C)(7) -SGD (DOES NOT CLOSE) | | | |
| 04/09/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=136822876) | | | |
| 04/09/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=136822891) | | | |
| 04/15/2024 | SERVICE ON COMPLAINT FILED | SERVICE ON COMPLAINT FILED (OBDH=137005608) PROOF OF SERVICE ON COMPLAINT FILED W/ 2ND SUMMONS PERS/4-10-24/ KODY GRANDCHAMP 70570 POWELL RD ARMADA, MI 48005 KODY GRANDCHAMP (DEFENDANT); | | | |
| 04/15/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137005607) | | | |
| 04/17/2024 | PLAINTIFF'S WITNESS LIST | PLAINTIFF'S WITNESS LIST (OBDH=137088373) PLAINTIFF ALEX BOYD AND REBECCA BOYDS WITNESS LIST | | | |
| 04/17/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137088370) | | | |
| 04/29/2024 | DEFENDANTS WITNESS LIST | DEFENDANTS WITNESS LIST (OBDH=137445189) DEFENDANT AMANDA PISARSKIS WITNESS LIST W/ CERT OF SERVICE | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137445183) | | | |
| 04/29/2024 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=137447874) NOTICE OF HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137447851) | | | |
| 04/29/2024 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=137447872) DEFT KODY GRANDCHAMPS MOTION FOR SUMMARY DISPOSITION PURSUANT TO MCR 2.116(C)(7) IN LIEU OF ANSWER TO PLTFS COMPLAINT | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137447848) | | | |
| 04/29/2024 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=137447873) APPEARANCE (LITIGANTS ATTORNEY) RETAINED ATTY JERRY LASCOE (P56482) FOR DEFT KODY GRANDCHAMP (DEFENDANT); | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137447865) | | | |
| 04/29/2024 | DEFENDANTS WITNESS LIST | DEFENDANTS WITNESS LIST (OBDH=137447877) DEFENDANT KODY GRANDCHAMPS PRELIMINARY WITNESS, EXPERT & EXHIBIT LIST | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137447870) | | | |
| 04/29/2024 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=137458403) DEFTS BELL AND CONSTRUCTION CONTRACTORS SECOND MOTION FOR SUMMARY DISPOSITION UNDER MCR 2.116(C)(8) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458387) | | | |
| 04/29/2024 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=137458406) NOTICE OF HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458394) | | | |
| 04/29/2024 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=137458647) PROOF OF SERVICE | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458640) | | | |
| 04/29/2024 | DEFENDANTS WITNESS LIST | DEFENDANTS WITNESS LIST (OBDH=137458398) DEFENDANTS BELL AND CONSTRUCTION CONTRACTORS PRELIMINARY WITNESS LIST | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458376) | | | |
| 04/29/2024 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=137458404) PROOF OF SERVICE | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458371) | | | |
| 04/29/2024 | MOTION FOR RECONSIDERATION | MOTION FOR RECONSIDERATION (OBDH=137458646) DEFTS BELL AND CONSTRUCTION CONTRACTORS MOTION FOR RECONSIDERATION | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458636) | | | |
| 04/29/2024 | ANSWER TO COMPLAINT | ANSWER TO COMPLAINT (OBDH=137458401) DEFENDANTS BELL AND CONSTRUCTION CONTRACTORS ANSWER TO COMPLAINT; DEFENDANTS BELL AND CONSTRUCTION CONTRACTORS AFFIRMATIVE DEFENSES; DEFENDANTS BELL AND CONSTRUCTION CONTRACTORS JURY DEMAND; PRF OF SERV CONSTRUCTION CONTRACTORS LLC (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); Attorney: ANTOVSKI, GORAN (75898) | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458388) | | | |
| 04/29/2024 | BRIEF IN SUPPORT | BRIEF IN SUPPORT (OBDH=137461514) BRIEF IN SUPPORT OF PLAINTIFFS MOTION FOR RECONSIDERATION OF THE COURT GRANTING SUMMARY DISPOSITION TO DEFENDANT EXPLORE INDUSTRIES | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137461513) | | | |
| 04/29/2024 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=137461517) NOTICE OF HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137461510) | | | |
| 04/29/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=137447876) E-FILED REQUEST FOR HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137447846) | | | |
| 04/29/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=137447845) E-FILED REQUEST FOR HEARING | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458638) | | | |
| 04/29/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=137461515) E-FILED REQUEST FOR HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137461511) | | | |
| 04/29/2024 | MOTION FOR RECONSIDERATION | MOTION FOR RECONSIDERATION (OBDH=137461516) PLAINTIFFS ALEX BOYD AND REBECCA BOYDS MOTION FOR RECONSIDERATION OF THE GRANTING OF DEFENDANT EXPLORE INDUSTRIES MOTION FOR SUMMARY DISPOSITION | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137461512) | | | |
| 04/29/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=137458400) E-FILED REQUEST FOR HEARING | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137458392) | | | |
| 04/30/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:   Date: 4/30/2024 10:27:16 AM Receipt: 1419126  Date: 04/30/2024 | $20.00 | | $0.00 |
| 04/30/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:   Date: 4/30/2024 1:40:21 PM  Receipt: 1419192  Date: 04/30/2024 | $20.00 | | $0.00 |
| 04/30/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:   Date: 4/30/2024 1:51:45 PM  Receipt: 1419195  Date: 04/30/2024 | $20.00 | | $0.00 |
| 04/30/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED Event: MTN FOR SUMMARY DISPOSITION Date: 06/03/2024   Time: 10:00 am Judge: VIVIANO, KATHRYN A   Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW  LASCOE / HARRINGTON | | | |
| 05/01/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:   Date: 5/1/2024 7:03:35 AM  Receipt: 1419253  Date: 05/01/2024 | $20.00 | | $0.00 |
| 05/01/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED Event: MTN FOR SUMMARY DISPOSITION Date: 05/28/2024   Time: 10:00 am Judge: VIVIANO, KATHRYN A   Location: COURT BUILDING - 2ND FLOOR - COURTROOM 2SW  ANTOVSKI / HARRINGTON | | | |
| 05/03/2024 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=137613341) PROOF OF SERVICE OF NOTICE OF REMOVAL | | | |
| 05/03/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137613339) | | | |
| 05/17/2024 | OPINION & ORDER SIGNED | OPINION & ORDER SIGNED (OBDH=138065059) OPINION & ORDER DENYING DEFT HENRY GIRARD BELL & CONSTRUCTION CONTRACTORS, INCS MOTION FOR RECONSIDERATION AND DENYING PLTFS ALEX BOYD AND REBECCA BOYDS MOTION FOR RECONSIDERATION - SGD (DOES NOT CLOSE) | | | |

Boyd Complaint

Document received by the MI Macomb 16th Circuit Court.

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ALEX BOYD and REBECCA BOYD,
Husband and Wife

Case No. 23-003864-CZ
Hon. KATHRYN A. VIVIANO

   Plaintiff,

v

BRANDON HEITMANN, an Individual,
AMANDA PISARSKI, also known as
AMANDA HEITMANN, an Individual,
KODY GRANDCHAMP, an Individual,
HENRY GIRARD BELL, also known as
HANK BELL, an Individual,
CONSTRUCTION CONTRACTORS, LLC,
a Michigan Limited Liability Company, and
EXPLORE INDUSTRIES USA, INC.,
A Tennessee Corporation, doing business as
IMAGINE POOLS

   Defendant

LAW OFFICES OF JOHN F. HARRINGTON
BY: John F. Harrington (P40443)
Attorney for Plaintiff
30500 Van Dyke Avenue, Suite 200
Warren, MI 48093
(586) 751-3610
attysharrington@comcast.net

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

## COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the Complaint.

/s/ John F. Harrington
John F. Harrington (P40443)

1

NOW COMES the Plaintiffs, ALEX BOYD and REBECCA BOYD, Husband and Wife, by and through their attorneys, the LAW OFFICES OF JOHN F. HARRINGTON, by way of Complaint, hereby states as follows:

1. That, Plaintiffs, Alex Boyd and Rebecca Boyd, are Husband and Wife, residing in the Township of Macomb, County of Macomb, State of Michigan.

2. That, Defendant, Brandon Heitmann, is an Individual, conducting business in the Township of Shelby, County of Macomb, State of Michigan.

3. That, Defendant, Amanda Pisarski, also known as Amanda Heitmann, is an Individual, conducting business in the Township of Shelby, County of Macomb, State of Michigan.

4. That, Defendant, Kody Grandchamp, is an Individual, residing in the City of Livonia, County of Wayne, State of Michigan.

5. That, Defendant, Henry Girard Bell, also known as Hank Bell, is an Individual, conducting business in the Township of Washington, County of Macomb, State of Michigan.

6. That, Defendant, Construction Contractors, LLC., is a Michigan Limited Liability Company, in good standing, with its principle place of business in the Township of Washington, County of Macomb, State of Michigan.

7. That, Defendant, Explore Industries USA, Inc., is a Tennessee Corporation, in good standing, conducting business in the County of Macomb, State of Michigan, although not authorized to do so.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

8. That, this cause of action concerns events that occurred in the Township of Macomb, County of Macomb, State of Michigan, thus venue is proper before this Honorable Court.

9. That, the amount in controversy is in excess of $25,000.00, thus jurisdiction is proper before this Honorable Court.

## FACTUAL AVERMENTS

10. That, Alex Boyd and Rebecca Boyd, are Husband and Wife, (hereinafter "Boyds"), who own real property at 50639 Cheltenham Drive, in the Township of Macomb, County of Macomb, State of Michigan.

11. That, on or about May 14, 2021, the Boyds entered in a contract with Exigent Landscaping, LLC, for the design and construction of an in-ground swimming pool at their home.

12. That, the Boyds either met or communicated with, Defendants Heitmann, Pisarski, and Grandchamp. in their capacity as representatives of Exigent Landscaping, LLC, during the solicitation of the Boyds and ultimate execution of the contract, at which time said Defendants repeatedly stated that Exigent Landscaping, LLC was a licensed residential contractor.

13. That, in addition, said Defendants represented to the Boyds and Carter that Exigent Landscaping, LLC, was an authorized dealer of Imagine Pools.

14. That, in fact, Exigent Landscaping was an authorized dealer of Imagine Pools, as so authorized by the manufacturer, Defendant Explore Industries USA, Inc.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

3

15. That, Plaintiffs relied upon the fact that Exigent Landscaping, LLC, was an authorized dealer of Imagine Pools by Defendant Explore Industries USA, Inc., to ultimately enter in to a contract with Exigent Landscaping, LLC.

16. That, the May 14, 2021, contract even states, at the bottom of each page, "License #802082183", inferring that Exigent Landscaping, LLC, was a licensed residential contractor. (See Exhibit A)

17. That, in fact, Exigent Landscaping, LLC, was never a licensed residential contractor at any time during its relationship with the Boyds.

18. That, the Boyds paid the substantial portion of their respective contract price to Exigent Landscaping, LLC.

19. That, after execution of the contracts with the Boyds, Defendants Heirmann, Pisarski, and Grandchamp, knowingly and falsely represented to Macomb Township Building Officials that the Plaintiffs executed contracts with Defendant Construction Contractors, LLC, and Henry Girard Bell, (hereinafter "Bell").

20. That, based on said false representations, Macomb Township Building Officials approved permits for the construction of in-ground swimming pools at the Boyds' residence.

21. That, for the Boyds, Exigent Landscaping, LLC, and the Defendants failed to timely or properly construct a swimming pool, necessitating removal of their respective pools.

22. That, the Boyds have suffered damages well in excess of $25,000.00.

23. That, the Boyds have previously commenced arbitration proceedings against Exigent Landscaping, LLC, yet said proceedings have been stayed as Exigent Landscaping,

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

4

LLC, has filed for Chapter 11 Bankruptcy in the United Sates Bankruptcy Court for the Eastern District of Michigan.

**COUNT I**

**FRAUDULENT MISPREREPRESENTATION OF THE BOYDS BY**

**DEFENDANTS HEITMANN, PISARSKI, and GRANDCHAMP**

24. Plaintiffs hereby restate and reiterate allegations contained in paragraph 1 through 23 as if fully restated herein.

25. That, Defendants Heitmann, Pisarski, and Grandchamp, before, during, and after execution of the Exigent Landscaping, LLC, contract on May 14,2021, repeatedly advised the Boyds that Exigent Landscaping, LLC, was a licensed residential builder, and otherwise fully qualified and capable of building a swimming pool as agreed upon.

26. That, in fact, Exigent landscaping, LLC, was not a licensed residential builder nor was it qualified or capable of building a swimming pool.

27. That, said representations by Defendants Heitmann, Pisarski, and Grandchamp, were false and said Defendants knew they were false, or made them recklessly without regard of the truth.

28. That, said Defendants made these representations with the intent that the Boyds would act upon it, and the Boyds did, in fact, rely upon these false representations, by tendering to Exigent Landscaping, LLC, the vast majority of the $130,00.00 contract price.

29. That, the swimming pool installed by Exigent Landscaping, LLC, was not completed in a timely manner, but also constructed so defectively, that it mandates removal.

30. That, the Boyds never would have entered into a contract with Exigent Landscaping had they known that the company was not a licensed residential contractor, if

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

5

it were not for the intentional misrepresentations of Defendants Heitmann, Pisarski, and Grandchamp.

31. That, as such, the Boyds have suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendants, Brandon Heitmann, Amanda Pisarski, aka Amanda Heitmann, and Kody Grandchamp, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

## COUNT II

## FRAUDULENT MISPRESENTAITON OF BOYDS BY HENRY GIRARD BELL and CONSTRUCTIUON CONTRACORS, LLC

32. Plaintiffs hereby restate and reiterate allegations contained in paragraphs 1 through 31 as if fully restated herein.

33. That, on or about October 12, 2021, and on numerous occasions thereafter, Defendants Bell and Construction Contractors, LLC, applied for and obtained building permits from Macomb Township Building Officials for the construction of an in-ground swimming pool at the Boyds' residence.

34. That, said Defendant falsely represented to Macomb Township that they were the contractors for the project, utilizing their respective residential builders' license number and expiration date.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

35. That, despite what said Defendants stated on the permit application, neither Defendant Bell nor Defendant Construction Contractors were involved in the project and neither had entered into a contract with the Boyds.

36. That, Defendants Bell and Construction Contractors intended for the Macomb Township Building Officials, and, in turn, the Boyds, to rely upon such misrepresentations., which the Township and the Boyds relied upon to their detriment.

37. That, as a result, the Boyds have suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendants, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

## COUNT III

### SILENT FRAUD BY ALL DEFENDANTS

38. Plaintiffs hereby restate and reiterate allegations contained in paragraphs 1 through 37 as if fully restated herein.

39. That, all the Defendants had a duty to disclose to the Boyds that Exigent Landscaping, LLC, was not a licensed residential contractor, and that, instead, that they were using the licensure status of third parties, to fraudulently obtain Township approval for construction of a pool and the Boyds' residence.

40. That, the Defendants failure to disclose was misleading to the Boyds.

41. That, the Defendants knew that not disclosing would be misleading.

42. That, the Boyds relied on the Defendants failure to disclose.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

43. That, as a result, the Boyds suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendants, Brandon Heitmann, Amanda Pisarski, aka Amanda Heitmann, Kody Grandchamp, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

**COUNT IV**

**CIVIL CONSPIRACY BY ALL DEFENDANTS**

44. Plaintiffs hereby restate and reiterate allegations contained in paragraphs 1 through 43 as if fully restated herein.

45. That, all the Defendants engaged in a concerted effort to defraud and otherwise make misrepresentation to the Boyds by falsely stating the Exigent landscaping, LLC was at all times a licensed residential builder, qualified and capable of competently completing construction of a swimming pool.

46. That, in addition, all the Defendant engaged in a concerted effort to misrepresent to Macomb Township Building Officials, and, in turn, the Boyds, that a licensed residential builder was constructing a swimming pool at the Boyds' residence.

47. That such concerted actions involved more two or more persons, and was done so to accomplish an unlawful purpose, or alternatively, a lawful purpose by unlawful means.

**Law Offices of**
**JOHN F. HARRINGTON**
**30500 Van Dyke Avenue**
**Suite 200**
**Warren, Michigan 48093**
**(586) 751-3610**
**(586) 751-3612 (Fax)**

Document received by the MI Macomb 16th Circuit Court.

48. That, the Defendants purpose was to obtain monies from the Boyds in exchange for untimely constructing a defective swimming pool and to not fulfill the Boyds expectations or Exigent Landscaping's contractual obligations.

49. That, as a result, the Boyds suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendants, Brandon Heitmann, Amanda Pisarski, aka Amanda Heitmann, Kody Grandchamp, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

## COUNT V

## NEGLIGENCE OF EXPLORE INDUSTRIES USA, INC.

50. That, Plaintiffs hereby restate and reiterate their allegations contained in paragraphs 1 through 49 as if fully restated herein.

51. That, Defendant Explore Industries USA, Inc., doing business as Imagine Pools, designated Exigent Landscaping, LLC, as an authorized dealer of Imagine Pools, for sale and installation in the State of Michigan, even though Exigent Landscaping was not a licensed residential builder.

52. That, in order to install an in-ground swimming pool at a residential home in the State of Michigan, the installer must be a licensed residential contractor.

53. That, Defendant Explore Industries USA, Inc, had a duty to the consuming public, when designating an authorized dealer of Imagine Pools in the State of Michigan to select only a licensed residential builder.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

54. That, the Plaintiffs relied upon Defendant Explore Industries USA, Inc., designation of Exigent Landscaping as an authorized dealer of Imagine Pools when entering into an agreement with Exigent Landscaping, LLC.

55. That, as such, Defendant Explore Industries USA, Inc., breached its duty owed to the Plaintiffs.

56. That, because of Defendant Explore Industries USA, Inc., breach of its duty, the Boyds each suffered damages in an amount in excess of $25,000.00.

57. That, if not for the Defendant's breach plaintiffs would not have suffered any damages.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendant Explore Industries USA, Inc., doing business as Imagine Pools, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

## COUNT VI

## NEGLIGENT MISREPRESNTATION BY EXPLORE INDUSTRIES USA, INC.

58. That, Plaintiffs hereby restate and reiterate their allegations contained in paragraphs 1 through 57 as if fully restated herein.

59. That, Defendant Explore Industries USA, Inc., doing business as Imagine Pools, made a material representation that Exigent Landscaping, LLC, was an authorized dealer and installer of Imagine Pools in the State of Michigan.

60. That, Exigent Landscaping, LLC, could not qualify to be an installer of in-ground swimming pools in the State of Michigan as it was not a licensed residential builder.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

10

24-41956-mar   Doc 39   Filed 05/02/24   Entered 05/02/24 07:39:52   Page 13 of 23
24-04125-mar   Doc 22   Filed 08/06/24   Entered 08/06/24 11:24:07   Page 73 of 95

61. That, Defendant Explore Industries USA, Inc., designation that Exigent Landscaping, LLC, was an authorized dealer and installer of Image Pools, was a false representation, as Exigent Landscaping, LLC, could not act in such a capacity in the State of Michigan.

62. That, Defendant Explore Industries USA, Inc., negligently made said representation, breaching a duty owed to the Plaintiffs.

63. That, as a result, the Boyds have suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs Alex Boyd and Rebecca Boyd, hereby prays this Honorable Court enter a Judgment in their favor and against the Defendant Explore Industries USA, Inc., doing business as Imagine Pools, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

**LAW OFFICES OF JOHN F. HARRINGTON**

BY:   /s/ John F. Harrington
      **JOHN F. HARRINGTON (P40443)**
      **Attorney for Plaintiff**
      **30500 Van Dyke Avenue, Suite 200**
      **Warren, MI 48093**
      **(586) 751-3610**
      **attysharrington@comcast.net**

**Dated: November 9, 2023**

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

Carter v Heitmann et al  Docket Sheet as of 5/17/2024

# 2023-003865-CZ CARTER, DANIEL vs. HEITMANN, BRANDON et al JG

- Case Type:
- CZ-OTHER GENERAL CIVIL
- Case Status:
- Open
- File Date:
- 11/13/2023
- DCM Track:
- TRACK 120 DAYS DISCOVERY
- Action:
- WITH JURY DEMAND
- Status Date:
- 11/13/2023
- Case Judge:
- GATTI, JULIE
- Next Event:
-

| All Information | Docket | Party | Event | Financial | Receipt | Disposition |

## Docket Information

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 11/13/2023 | ENTRY FEE | ENTRY FEE  Receipt: 1399094  Date: 11/13/2023 | $150.00 | | $0.00 |
| 11/13/2023 | JURY FEE | JURY FEE  Receipt: 1399094  Date: 11/13/2023 | $85.00 | | $0.00 |
| 11/13/2023 | ELECTRONIC FILING SYSTEM FEE - CIVIL | ELECTRONIC FILING SYSTEM FEE - CIVIL  Receipt: 1399094  Date: 11/13/2023 | $25.00 | | $0.00 |
| 11/13/2023 | COMPLAINT/PETITION FILED - CIVIL | COMPLAINT/PETITION FILED - CIVIL DANIEL CARTER (PLAINTIFF); BRANDON HEITMANN (DEFENDANT); AMANDA PISARSKI (DEFENDANT); AMANDA HEITMANN (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); HANK BELL (DEFENDANT); CONSTRUCTION CONTRACTORS LLC (DEFENDANT); EXPLORE INDUSTRIES USA INC (DEFENDANT); | | | |
| 11/13/2023 | JURY DEMAND | JURY DEMAND | | | |
| 11/13/2023 | SUMMONS ISSUED | SUMMONS ISSUED EXP. 02-12-2024 (5) | | | |
| 11/13/2023 | CASE PLACED ON E-FILING STATUS PER ADMINISTRATIVE ORDER 2010-6 | CASE PLACED ON E-FILING STATUS PER ADMINISTRATIVE ORDER 2010-6 | | | |
| 12/06/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=132551193) | | | |
| 12/20/2023 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133067384) APPEARANCE RETAINED ATTORNEY: ANTOVSKI, GORAN CONSTRUCTION CONTRACTORS LLC (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067372) | | | |
| 12/20/2023 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=133067383) DEFTS BELL AND CONSTRUCTION CONTRACTORS MOTION FOR SUMMARY DISPOSITION | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067373) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|--------------|------------|
| 12/20/2023 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133067380) APPEARANCE RETAINED ATTORNEY: MAJEWSKI, JUSTIN M. CONSTRUCTION CONTRACTORS LLC (DEFENDANT); HENRY GIRARD BELL (DEFENDANT); | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067377) | | | |
| 12/20/2023 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=133067382) PROOF OF SERVICE | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067371) | | | |
| 12/20/2023 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=133067387) NOTICE OF HEARING | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067369) | | | |
| 12/20/2023 | REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE | REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE (OBDH=133067385) REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE | | | |
| 12/20/2023 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133067376) | | | |
| 12/21/2023 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED Event: MTN FOR SUMMARY DISPOSITION Date: 01/22/2024   Time: 10:00 am Judge: GATTI, JULIE    Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW<br><br>ANTOVSKI - HARRINGTON<br><br>Result: MOTION HEARING ADJOURNED<br><br>Result: MOTION HEARING ADJOURNED | | | |
| 12/21/2023 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:  Date: 12/21/2023 2:59:38 PM Receipt: 1403680  Date: 12/21/2023 | $20.00 | | $0.00 |
| 01/02/2024 | MOTION FOR SUMMARY DISPOSITION | MOTION FOR SUMMARY DISPOSITION (OBDH=133342985) NOH; DEFT EXPLORE INDUSTRIES USA, INCS MTN FOR SUMMARY DISPOSITION PURSUANT TO MCR 2.116(C)(7); BRIEF IN SUPPORT | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133342981) | | | |
| 01/02/2024 | REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE | REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE (OBDH=133342984) REQUEST FOR HEARING ON A MOTION; NOTICE OF HEARING; PROOF OF SERVICE | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133342983) | | | |
| 01/02/2024 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH=133342986) APPEARANCE (LITIGANTS ATTORNEY) NICHOLAS TATRO P79146 EXPLORE INDUSTRIES USA INC (DEFENDANT); | | | |
| 01/02/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=133342980) | | | |
| 01/03/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED Event: MTN FOR SUMMARY DISPOSITION Date: 02/05/2024   Time: 10:00 am Judge: GATTI, JULIE    Location: COURT BUILDING - 4TH | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| | | FLOOR - COURTROOM 4NW | | | |
| | | TATRO - HARRINGTON - MAJEWSKI - | | | |
| | | Result: HELD - TAKEN UNDER ADVISEMENT | | | |
| 01/03/2024 | MOTION FEE | MOTION FEE<br>Filing Fee mt  Receipt:  Date: 1/3/2024 9:58:14 AM<br>Receipt: 1404451  Date: 01/03/2024 | $20.00 | | $0.00 |
| 01/11/2024 | MOTION HEARING ADJOURNED | MOTION HEARING ADJOURNED<br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 01/22/2024 at 10:00 am has been resulted as follows:<br><br>Result: MOTION HEARING ADJOURNED<br>Judge: GATTI, JULIE    Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW | | | |
| 01/11/2024 | HEARING: MTN FOR SUMMARY DISP SCHEDULED | HEARING: MTN FOR SUMMARY DISP SCHEDULED<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 01/22/2024 at 10:00 am has been rescheduled as follows:<br><br>Event: MTN FOR SUMMARY DISPOSITION<br>Date: 02/05/2024   Time: 10:00 am<br>Judge: GATTI, JULIE    Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW<br><br>ANTOVSKI - HARRINGTON<br><br>Result: MOTION GRANTED | | | |
| 01/11/2024 | RE-NOTICE OF HEARING | RE-NOTICE OF HEARING<br>(OBDH=133679756) RE-NOTICE OF HEARING | | | |
| 01/11/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=133679755) | | | |
| 01/29/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION<br>(OBDH=134178222) DEFTS BELL & CONSTRUCTION CONTRACTORS RESPONSE TO DEFT EXPLORE INDUSTRIES LLCS MOTION FOR SUMMARY DISPOSITION UNDER MCR 2.116(C)(7) W/ BRIEF | | | |
| 01/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134178220) | | | |
| 01/30/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION<br>(OBDH=134212859) PLAINTIFFS RESPONSE TO DEFENDANT EXPLORE INDUSTRIES USA, INCS, D/B/A IMAGINE POOLS MOTION FOR SUMMARY DISPOSITION | | | |
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134212848) | | | |
| 01/30/2024 | BRIEF IN SUPPORT | BRIEF IN SUPPORT<br>(OBDH=134212861) BRIEF IN SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANT TO EXPLORE INDUSTRIES, INCS D/B/A IMAGINE POOKS MOTION FOR SUMMARY DISPOSITION | | | |
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE<br>(OBDH=134212812) | | | |
| 01/30/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION<br>(OBDH=134214565) PLAINTIFFS RESPONSE TO DEFENDANTS HENRY GIRARD BELL, A/K/A HANK BELL, AND CONSTRUCTION CONTRACTORS, LLCS MOTION FOR SUMMARY FOR DISPOSITION | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|--------------|------------|
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134214564) | | | |
| 01/30/2024 | BRIEF IN SUPPORT | BRIEF IN SUPPORT (OBDH=134214568) BRIEF IN SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANTS HENRY GIRARD BELL, A/K/A HANK BELL, AND CONSTRUCTION CONTRACTORS, LLCS MOTION FOR SUMMARY DISPOSITION W/ EXHIBITS | | | |
| 01/30/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134214563) | | | |
| 02/01/2024 | RESPONSE TO MOTION | RESPONSE TO MOTION (OBDH=134317125) DEFTS BELL & CONSTRUCTION CONTRACTORS REPLY TO PLTFS RESPONSE TO DEFTS HENRY BELL & CONSTRUCTION CONTRACTORS MTN FOR SUMMARY DISPOSITION | | | |
| 02/01/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134317124) | | | |
| 02/01/2024 | BRIEF IN SUPPORT OF MOTION | BRIEF IN SUPPORT OF MOTION (OBDH=134315332) DEFT EXPLORE INDUSTRIES USA INCS REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY DISPOSITION PURS TO MCR 2.116 (C)(7) W/ CERT OF SERV & EXHIBS | | | |
| 02/01/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134315326) | | | |
| 02/05/2024 | HELD - TAKEN UNDER ADVISEMENT | HELD - TAKEN UNDER ADVISEMENT W/ WRITTEN OPINION TO RENDER<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 02/05/2024 at 10:00 am has been resulted as follows:<br><br>Result: HELD - TAKEN UNDER ADVISEMENT<br>Judge: GATTI, JULIE   Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW<br><br>HELD ON THE RECORD<br>COURT REPORTER: VIDEO CIRCUIT<br>Certificate #: | | | |
| 02/05/2024 | MOTION GRANTED | MOTION GRANTED AS TO DEFTS HENRY BELL & CONSTRUCTION CONTRACTORS LLC, ONLY - OTE<br><br>The following event: MTN FOR SUMMARY DISPOSITION scheduled for 02/05/2024 at 10:00 am has been resulted as follows:<br><br>Result: MOTION GRANTED<br>Judge: GATTI, JULIE   Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW<br><br>HELD ON THE RECORD<br>COURT REPORTER: VIDEO CIRCUIT<br>Certificate #: | | | |
| 02/06/2024 | 7 DAY ORDER | 7 DAY ORDER (OBDH=134452626) 7 DAY ORDER GRNTING DEFTS BELL & CONSTRUCTION CONTRACTORS LLC MTN FOR SUMMARY DISPOSITION UNDER MCR 2.116(C)(8) - SGD | | | |
| 02/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=134452624) | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|--------------|------------|
| 02/14/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-134735357) | | | |
| 02/22/2024 | ANSWER TO COMPLAINT | ANSWER TO COMPLAINT (OBDH-134975662) DEFENDANT BRANDON HEITMANNS ANSWER TO PLAINTIFFS COMPLAINT; DEFENDANT BRANDON HEITMANNS AFFIRMATIVE DEFENSES; CERT OF SERV BRANDON HEITMANN (DEFENDANT); Attorney: FARRAJ, YOUSEF M (79760) | | | |
| 02/22/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-134975660) | | | |
| 02/22/2024 | ANSWER TO COMPLAINT | ANSWER TO COMPLAINT (OBDH-134975663) DEFENDANT AMANDA PISARSKIS ANSWER TO PLAINTIFFS COMPLAINT; DEFENDANT AMANDA PISARSKIS AFFIRMATIVE DEFENSES; CERT OF SERV AMANDA PISARSKI (DEFENDANT); Attorney: FARRAJ, YOUSEF M (79760) | | | |
| 02/22/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-134975661) | | | |
| 02/27/2024 | DISCOVERY AND CASE EVALUATION ORDER ISSUED | DISCOVERY AND CASE EVALUATION ORDER ISSUED<br><br>(N) IMAGE OF DISCOVERY AND CASE EVAL ORDER Sent on: 02/27/2024 15:57:57.49 | | | |
| 02/27/2024 | IMAGE OF EVENT NOTICE SENT | IMAGE OF EVENT NOTICE SENT<br><br>(N) EDSC NOTICE Sent on: 02/27/2024 15:59:16.34 | | | |
| 02/27/2024 | EARLY DISPOSITION SETTLEMENT CONFERENCE SCHEDULED | EARLY DISPOSITION SETTLEMENT CONFERENCE SCHEDULED Event: EARLY DISPOSITION SETTLEMENT CONFERENCE Date: 04/25/2024 Time: 1:30 pm Judge: GATTI, JULIE Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW<br><br>Result: HELD: NOT PLACED ON RECORD | | | |
| 02/27/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-135219073) | | | |
| 02/27/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-135219098) | | | |
| 02/27/2024 | APPEARANCE (LITIGANT'S ATTORNEY) | APPEARANCE (LITIGANT'S ATTORNEY) (OBDH-135210276) NOTICE OF APPEARANCE (LITIGANTS ATTORNEY) AMANDA PISARSKI (DEFENDANT); BRANDON HEITMANN (DEFENDANT); | | | |
| 02/27/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH-135210273) | | | |
| 02/27/2024 | CASE EVAL AFTER: SUMMARY DISPO MOTION BY: PLTF'S WITNESS LIST BY: DEFT'S WITNESS LIST BY: | CASE EVAL AFTER: 06/26/2024 SUMMARY DISPO MOTION BY: 09/24/2024 PLTF'S WITNESS LIST BY: 04/12/2024 DEFT'S WITNESS LIST BY: 04/29/2024 | | | |
| 03/04/2024 | E-FILED COPY OF BANKRUPTCY NOTICE AS TO: | E-FILED COPY OF BANKRUPTCY NOTICE AS TO: (OBDH-135506554) E-FILED COPY OF VOLUNTARY PETITION FOR NON INDIVIDUALS FILING BANKRUPTCY FROM US BANK CT EAST DIST OF MI AS TO DEBTOR BRANDON HEITMANN ONLY, BANK CT CASE NO 24-41956-mar W/EXHIBITS | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 03/04/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135506544) | | | |
| 03/05/2024 | ORDER FOR ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY SGD | ORDER FOR ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY STAY SGD AS TO DEBTOR BRANDON HEITMANN ONLY, BANK CT CASE NO 24-41956-mar CASE REMAINS OPEN ORDER ADMINISTRATIVE CLOSING DUE TO BANKRUPTCY Sent on: 03/05/2024 15:25:50.71 | | | |
| 03/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135574077) | | | |
| 03/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135574084) | | | |
| 03/05/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135575237) | | | |
| 03/06/2024 | BRIEF IN SUPPORT OF MOTION | BRIEF IN SUPPORT OF MOTION (OBDH=135614337) BRIEF IN SUPPORT OF PLTF DANIEL CARTERS MOTION FOR RECONSIDERATION OF THIS COURT GRANTING SUMMARY DISPOSITION OF DEFTS HENRY GIRARD BELL AKA HANK BELL & CONSTRUCTION CONTRACTORS MOTION FOR SUMMARY DISPOSITION | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135614330) | | | |
| 03/06/2024 | MOTION FOR RECONSIDERATION | MOTION FOR RECONSIDERATION (OBDH=135614264) PLTF DANIEL CARTERS MOTION FOR RECONSIDERATION OF THIS COURT GRANTING SUMMARY DISPOSITION OF DEFTS HENRY GIRARD BELL AKA HANK BELL & CONSTRUCTION CONTRACTORS MOTION FOR SUMMARY DISPOSITION | | | |
| 03/06/2024 | MOTION FEE | MOTION FEE Filing Fee mt Receipt: Date: 3/6/2024 7:11:43 PM Receipt: 1411991 Date: 03/06/2024 | $20.00 | | $0.00 |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135614329) | | | |
| 03/06/2024 | NOTICE OF HEARING | NOTICE OF HEARING (OBDH=135614339) NOTICE OF HEARING | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135614331) | | | |
| 03/06/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=135614336) E-FILED REQUEST FOR HEARING - NO ORAL ARGUMENT REQUESTED | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135614332) | | | |
| 03/06/2024 | BRIEF IN SUPPORT | BRIEF IN SUPPORT (OBDH=135620482) BRIEF IN SUPPORT OF PLTFS RESPONSE TO DEFTS HENRY GIRARD BELL, AKA HANK BELL & CONSTRUCTION CONTRACTORS LLCS MTN FOR SUMMARY DISPOSITION | | | |
| 03/06/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=135620479) | | | |
| 03/29/2024 | NOTICE OF NON-PARTY FAULT | NOTICE OF NON-PARTY FAULT (OBDH=136468503) DEFENDANT EXPLORE INDUSTRIES USA, INC.S NOTICE OF NON-PARTY AT FAULT W/ CERT. OF SERVICE | | | |

| Date | Description | Docket Text | Amount Owed | File Ref Nbr. | Amount Due |
|------|-------------|-------------|-------------|---------------|------------|
| 03/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=136468502) | | | |
| 04/09/2024 | OPINION & ORDER SIGNED | OPINION & ORDER DENYING DEFENDANT EXPLORE'S MOTION FOR SUMMARY DISPOSITION, THIS OPINION AND ORDER NEITHER RESOLVES THE LAST PENDING CLAIM NOR CLOSES THE CASE - SGD | | | |
| 04/09/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=136825848) | | | |
| 04/17/2024 | PLAINTIFF'S WITNESS LIST | PLAINTIFF'S WITNESS LIST (OBDH=137088551) PLAINTIFF WITNESS LIST | | | |
| 04/17/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137088550) | | | |
| 04/19/2024 | OPINION & ORDER SIGNED | OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION. THIS OPINION AND ORDER NEITHER RESOLVES THE LAST PENDING CLAIM NOR CLOSES THE CASE - SGD | | | |
| 04/19/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137172184) | | | |
| 04/24/2024 | MOTION FOR RECONSIDERATION | MOTION FOR RECONSIDERATION (OBDH=137316964) EXPLORE INDUSTRIES USA INCS MOTION FOR RECONSIDERATION OF COURTS OPINION ON EXPLORES MOTION FOR SUMMARY DISPOSITION | | | |
| 04/24/2024 | MOTION FEE | MOTION FEE Filing Fee mt  Receipt:  Date: 4/24/2024 7:53:28 PM Receipt: 1418617  Date: 04/24/2024 | $20.00 | | $0.00 |
| 04/24/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137316957) | | | |
| 04/24/2024 | E-FILED REQUEST FOR HEARING | E-FILED REQUEST FOR HEARING (OBDH=137316965) E-FILED REQUEST FOR HEARING | | | |
| 04/24/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137316955) | | | |
| 04/26/2024 | HELD: NOT PLACED ON RECORD, | HELD: NOT PLACED ON RECORD, The following event: EARLY DISPOSITION SETTLEMENT CONFERENCE scheduled for 04/25/2024 at 1:30 pm has been resulted as follows: Result: HELD: NOT PLACED ON RECORD Judge: GATTI, JULIE    Location: COURT BUILDING - 4TH FLOOR - COURTROOM 4NW | | | |
| 04/29/2024 | DEFENDANTS WITNESS LIST | DEFENDANTS WITNESS LIST (OBDH=137445187) DEFENDANT AMANDA PISARSKIS WITNESS LIST | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137445180) | | | |
| 04/29/2024 | DEFENDANTS WITNESS LIST | DEFENDANTS WITNESS LIST (OBDH=137459270) DEFENDANT EXPLORE INDUSTRIES USA INCS PRELIMINARY  WITNESS LIST, CERT OF SRVC | | | |
| 04/29/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137459269) | | | |
| 05/03/2024 | PROOF OF SERVICE | PROOF OF SERVICE (OBDH=137613313) PROOF OF SERVICE OF NOTICE OF REMOVAL | | | |
| 05/03/2024 | TRUEFILING PROOF OF SERVICE | TRUEFILING PROOF OF SERVICE (OBDH=137613309) | | | |

Carter Complaint

Document received by the MI Macomb 16th Circuit Court.

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

DANIEL CARTER, an Individual

        Plaintiff,

v

BRANDON HEITMANN, an Individual,
AMANDA PISARSKI, also known as
AMANDA HEITMANN, an Individual,
HENRY GIRARD BELL, also known as
HANK BELL, an Individual,
CONSTRUCTION CONTRACTORS, LLC,
a Michigan Limited Liability Company, and
EXPLORE INDUSTRIES USA, INC.,
A Tennessee Corporation, doing business as
IMAGINE POOLS

        Defendant

Case No. 23-004865-CZ

Hon. Julie Gatti

---

**LAW OFFICES OF JOHN F. HARRINGTON**
BY: John F. Harrington (P40443)
**Attorney for Plaintiff**
30500 Van Dyke Avenue, Suite 200
Warren, MI 48093
(586) 751-3610
attysharrington@comcast.net

---

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

## COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the Complaint.

        /s/ John F. Harrington
        John F. Harrington (P40443)

1

NOW COMES the Plaintiff, DANIEL CARTER, an Individual, by and through his attorney, the LAW OFFICES OF JOHN F. HARRINGTON, by way of Complaint, hereby states as follows:

1. That, Plaintiff, Daniel Carter, is an Individual, residing in the Township of Macomb, County of Macomb, State of Michigan.

2. That, Defendant, Brandon Heitmann, is an Individual, conducting business in the Township of Shelby, County of Macomb, State of Michigan.

3. That, Defendant, Amanda Pisarski, also known as Amanda Heitmann, is an Individual, conducting business in the Township of Shelby, County of Macomb, State of Michigan.

4. That, Defendant, Henry Girard Bell, also known as Hank Bell, is an Individual, conducting business in the Township of Washington, County of Macomb, State of Michigan.

5. That, Defendant, Construction Contractors, LLC., is a Michigan Limited Liability Company, in good standing, with its principle place of business in the Township of Washington, County of Macomb, State of Michigan.

6. That, Defendant, Explore Industries USA, Inc., is a Tennessee Corporation, in good standing, conducting business in the County of Macomb, State of Michigan, although not authorized to do so.

7. That, this cause of action concerns events that occurred in the Township of Macomb, County of Macomb, State of Michigan, thus venue is proper before this Honorable Court.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

2

8. That, the amount in controversy is in excess of $25,000.00, thus jurisdiction is proper before this Honorable Court.

## **FACTUAL AVERMENTS**

9. That, Plaintiff Daniel Carter, (hereinafter "Carter"). is the owner of real property at 22162 Chaucer Court, in the Township of Macomb, County of Macomb, State of Michigan

10. That, on or about September 30, 2021, Carter entered in a contract with Exigent Landscaping, LLC, for the design and construction of an in-ground swimming pool at his home.

11. That, Carter either met or communicated with, Defendants Heitmann and, Pisarski, in their capacity as representatives of Exigent Landscaping, LLC, during the solicitation of Carter and ultimate execution of the contract, at which time said Defendants repeatedly stated that Exigent Landscaping, LLC, was a licensed residential contractor.

12. That, the September 30, 2021, contract even states, at the bottom of each page "License #802082183", inferring that Exigent Landscaping, LLC, was a licensed residential contractor. (See Exhibit B)

13. That, in fact, Exigent landscaping, LLC, was never a licensed residential contractor at any time during its relationship with Carter.

14. That, in addition, said Defendants represented to Carter that Exigent Landscaping, LLC, was an authorized dealer of Imagine Pools, as so designated by the manufacturer, Defendant Explore Industries USA, Inc.

Law Offices of
**JOHN F. HARRINGTON**
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

3

15. That, Carter relied upon the fact that Exigent Landscaping, LLC, was an authorized dealer of Imagine Pools by Defendant Explore Industries USA, Inc., to ultimately enter in to a contract with Exigent Landscaping, LLC.

16. That, Carter paid the substantial portion of his respective contract price to Exigent Landscaping, LLC.

17. That, after execution of the contracts with Carter, Defendants, knowingly and falsely represented to Macomb Township Building Officials that Carter executed contracts with Defendant Construction Contractors, LLC, and Henry Girard Bell, (hereinafter "Bell").

18. That, based on said false representations, Macomb Township Building Officials approved permits for the construction of in-ground swimming pools at the Carter residence.

19. That, Exigent Landscaping, LLC, and the Defendants failed to timely or properly construct a swimming pool, necessitating removal of their respective pools.

20. That, Carter suffered damages well in excess of $25,000.00.

21. That, Carter previously commenced arbitration proceedings against Exigent Landscaping, LLC, yet said proceedings have been stayed as Exigent Landscaping, LLC, has filed for Chapter 11 Bankruptcy in the United Sates Bankruptcy Court for the Eastern District of Michigan.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

## COUNT I

## FRAUDULENT MISPRERESENTATION BY DEFENDANTS HEITMANN and

### PISARSKI

22. Plaintiff hereby restates and reiterates allegations contained in paragraph 1 through 21 as if fully restated herein.

Document received by the MI Macomb 16th Circuit Court.

23. That, Defendants Heitmann and Pisarski, before, during, and after execution of the Exigent Landscaping, LLC, contract on September 30, 2021, repeatedly advised Carter that Exigent Landscaping, LLC, was a licensed residential builder, and otherwise fully qualified and capable of building a swimming pool as agreed upon.

24. That, in fact, Exigent Landscaping, LLC, was not a licensed residential builder nor was it qualified or capable of building a swimming pool.

25. That, said representations by Defendants Heitmann, and Pisarski, were false and said Defendants knew they were false, or made them recklessly without regard of the truth.

26. That, said Defendants made these representations with the intent that Carter would act upon it, and he did, in fact, rely upon these false representations, by tendering to Exigent Landscaping, LLC, the vast majority of the $130,00.00 contract price.

27. That, the swimming pool installed by Exigent Landscaping, LLC, was not completed in a timely manner, but also constructed so defectively, that it mandates removal.

28. That, Carter never would have entered into a contract with Exigent Landscaping had he known that the company was not a licensed residential builder, if it were not for the intentional misrepresentations of Defendants Heitmann and Pisarski.

29. That, as such, Carter has suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff, Daniel Carter, hereby prays this Honorable Court enter a Judgment in his favor and against the Defendants, Brandon Heitmann, and Amanda Pisarski, aka Amanda Heitmann, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

5

24-41956-mar    Doc 40    Filed 05/02/24    Entered 05/02/24 07:50:48    Page 8 of 22
24-04125-mar    Doc 22    Filed 08/08/24    Entered 08/08/24 11:24:07    Page 89 of 95

## COUNT II

## FRAUDULENT MISPRESENTAITON BY HENRY GIRARD BELL and

## CONSTRUCTIUON CONTRACORS, LLC

30. Plaintiff hereby restates and reiterates allegations contained in paragraphs 1 through 29 as if fully restated herein.

31. That, in or about October, 2021, and on numerous occasions thereafter, Defendants Bell and Construction Contractors, LLC, applied for and obtained a building permit from Macomb Township Building Officials for the construction of an in-ground swimming pool at Carter's residence.

32. That, said Defendants falsely represented to Macomb Township that they were the contractors for the project, utilizing their respective residential builders' license number and expiration date.

33. That, despite what said Defendants stated on the permit application, neither Defendant Bell nor Defendant Construction Contractors were involved in the project and neither had entered into a contract with Carter.

34. That, Defendants Bell and Construction Contractors intended for the Macomb Township Building Officials, and, in turn, Carter, to rely upon such misrepresentations., which the Township and Carter relied upon to their detriment.

35. That, as a result, Carter suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff Daniel Carter, hereby prays this Honorable Court enter a Judgment in his favor and against the Defendants, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

6

Document received by the MI Macomb 16th Circuit Court.

## COUNT III

## SILENT FRAUD BY DEFENDANTS HEITMANN, PISARSKI, BELL, and

## CONSTRUCTION CONTRACTORS, LLC

36. Plaintiff hereby restates and reiterates allegations contained in paragraphs 1 through 35 as if fully restated herein.

37. That, Defendants Heitmann, Pisarski, Bell, and Construction Contractors. LLC, all had a duty to disclose to Carter that Exigent Landscaping, LLC, was not a licensed residential contractor, and that, instead, that they were using the licensure status of third parties, to fraudulently obtain Township approval for construction of a swimming pool at Carter's residence.

38. That, said Defendants failure to disclose was misleading to Carter.

39. That, said Defendants knew that not disclosing would be misleading.

40. That, Carter relied on said Defendants failure to disclose.

41. That, as a result, Carter suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff Daniel Carter, hereby prays this Honorable Court enter a Judgment in his favor and against the Defendants, Brandon Heitmann, Amanda Pisarski, aka Amanda Heitmann, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

7

## COUNT IV

## CIVIL CONSPIRACY BY DEFENDANTS HEITMANN, PISARSKI, BELL, and

## CONSTRUCTION CONTRACTORS, LLC

42. Plaintiff hereby restates and reiterates allegations contained in paragraphs 1 through 41 as if fully restated herein.

43. That, Defendants Heitmann, Pisarski, Bell, and Construction Contractors, LLC, all engaged in a concerted effort to defraud and otherwise make misrepresentation to Carter by falsely stating the Exigent landscaping, LLC was at all times a licensed residential builder, qualified and capable of competently completing construction of a swimming pool.

44. That, in addition, said Defendant engaged in a concerted effort to misrepresent to Macomb Township Building Officials, and, in turn, Carter, that a licensed residential builder was constructing a swimming pool at Carter's residence.

45. That such concerted actions involved two or more persons, and was done so to accomplish an unlawful purpose, or alternatively, a lawful purpose by unlawful means.

46. That, said Defendants purpose was to obtain monies from Carter in exchange for untimely constructing a defective swimming pool that did not fulfill Carter's expectations or Exigent Landscaping's contractual obligations.

47. That, as a result, Carter suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff Daniel Carter, hereby prays this Honorable Court enter a Judgment in his favor and against the Defendants, Brandon Heitmann, Amanda Pisarski, aka Amanda Heitmann, Henry Girard Bell, aka Hank Bell, and Construction Contractors, LLC, jointly and severally, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

8

## COUNT V

## NEGLIGENCE OF EXPLORE INDUSTRIES USA, INC.

48. That, Plaintiff hereby restates and reiterates his allegations contained in paragraphs 1 through 47 as if fully restated herein.

49. That, Defendant Explore Industries USA, Inc., doing business as Imagine Pools, designated Exigent Landscaping, LLC, as an authorized dealer of Imagine Pools, for sale and installation in the State of Michigan, even though Exigent Landscaping was not a licensed residential builder.

50. That, in order to install an in-ground swimming pool at a residential home in the State of Michigan, the installer must be a licensed residential contractor.

51. That, Defendant Explore Industries USA, Inc, had a duty to the consuming public, when designating an authorized dealer of Imagine Pools in the State of Michigan to select only a licensed residential builder.

52. That, the Plaintiff relied upon Defendant Explore Industries USA, Inc., designation of Exigent Landscaping as an authorized dealer of Imagine Pools when entering into an agreement with Exigent Landscaping, LLC.

53. That, as such, Defendant Explore Industries USA, Inc., breached its duty owed to Carter.

54. That, because of Defendant Explore Industries USA, Inc., breach of its duty, Carter suffered damages in an amount in excess of $25,000.00.

55. That, if not for the Defendant's breach plaintiffs would not have suffered any damages.

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

9

Document received by the MI Macomb 16th Circuit Court.

WHEREFORE, Plaintiff Daniel Carter hereby prays this Honorable Court enter a Judgment in his favor and against the Defendant Explore Industries USA, Inc., doing business as Imagine Pools, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

## COUNT VI

## NEGLIGENT MISREPRESNTATION BY EXPLORE INDUSTRIES USA, INC.

56. That, Plaintiff hereby restates and reiterates his allegations contained in paragraphs 1 through 55 as if fully restated herein.

57. That, Defendant Explore Industries USA, Inc., doing business as Imagine Pools, made a material representation that Exigent Landscaping, LLC, was an authorized dealer and installer of Imagine Pools in the State of Michigan.

58. That, Exigent Landscaping, LLC, could not qualify to be an installer of in-ground swimming pools in the State of Michigan as it was not a licensed residential builder.

59. That, Defendant Explore Industries USA, Inc., designation that Exigent Landscaping, LLC, was an authorized dealer and installer of Image Pools, was a false representation as Exigent Landscaping, LLC, could not act in such a capacity in the State of Michigan.

60. That, Defendant Explore Industries USA, Inc., negligently made said representation, breaching a duty owed to the Carter

61. That, as a result, Carter suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff Daniel Carter hereby prays this Honorable Court enter a Judgment in his favor and against the Defendant Explore Industries USA, Inc., doing

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

Document received by the MI Macomb 16th Circuit Court.

business as Imagine Pools, in an amount in excess of $25,000.00, plus costs, interest and reasonable attorney fees.

LAW OFFICES OF JOHN F. HARRINGTON

BY: ___ /s/ John F. Harrington ___
**JOHN F. HARRINGTON (P40443)**
**Attorney for Plaintiff**
**30500 Van Dyke Avenue, Suite 200**
**Warren, MI 48093**
**(586) 751-3610**
**attysharrington@comcast.net**

Dated: November 9, 2023

Law Offices of
JOHN F. HARRINGTON
30500 Van Dyke Avenue
Suite 200
Warren, Michigan 48093
(586) 751-3610
(586) 751-3612 (Fax)

11

Document received by the MI Macomb 16th Circuit Court.