UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Brandon Heitmann,                          Case No.: 24-41956
                                                     Chapter 13
        Debtor.                              Hon. Mark A. Randon
_____/

Alex Boyd and
Rebecca Boyd,

        Plaintiffs,

v.                                                      Adversary Proceeding
                                                         Case No.: 24-04125

Brandon Heitmann, et al.,

        Defendants.
_____/

## ORDER GRANTING MOTIONS FOR REMAND AND LIMITED RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on Plaintiffs' and non-Debtor Defendants, Henry Bell's and Construction Contractors, LLC's, motions to remand to the Macomb County Circuit Court (collectively, the "Motions"). On September 9, 2024, the Court heard argument on the Motions and objections.

**IT IS ORDERED** that:

1. The Motions are **GRANTED.**

2. The Court abstains from hearing this adversary proceeding based on permissive abstention grounds under 28 U.S.C. § 1334(c)(1), and the doctrine of equitable remand under 11 U.S.C. § 1452(b).

3. All of the claims in this adversary proceeding are remanded back to the Macomb County Circuit Court, from which they were removed.

4. In particular, the Court relied on the following factors:[1]

   a. State-law issues predominate the litigation;

   b. litigation is currently pending in state court—and has been for six months;

   c. the state court is more well-equipped to hear issues of state law;

   d. decisions on motions for summary disposition have already been rendered in the state-court proceeding;

   e. there are several non-Debtor parties as named defendants; and

   f. this Court is one of limited jurisdiction. Although this Court may decide issues of state law, it is not necessary—nor is it appropriate—for a bankruptcy court to weigh-in on issues of state law when those issues are the subject of concurrent, pending state-court litigation.

5. The parties are granted limited relief from the automatic stay, to permit them to litigate the state court lawsuit to conclusion, including any appeals.

6. Except for the limited stay-relief granted in paragraph 5 of this Order, the automatic stay remains in full force and effect.

7. By separate order, the Court will stay the adversary proceeding (Case No. 24-04372), as to non-dischargeability under 11 U.S.C. § 523, pending the outcome of the state-court litigation.

8. This Order concludes this adversary proceeding, which now will be closed.

**Signed on September 10, 2024**



/s/ Mark A. Randon

**Mark A. Randon**
**United States Bankruptcy Judge**

---

[1] The Court has considered the thirteen factors for determining whether permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1), as set forth in *In re Ondrajka*, 657 B.R. 217 (Bankr. E.D. Mich. 2024). The Court has also weighed the factors relevant to equitable remand, as this Court previously laid out in *Rachmale v. Conese*, 515 B.R. 567 (Bankr. E.D. Mich. 2014).